THE PEOPLE OF THE STATE OF NEW YORK *against* —— CAREY AND —— MARSTERS.

A judgment entered on a forfeited recognizance will not be discharged on proof that the prisoner was subsequently surrendered by his bail and a *nolle prosequi* entered, or that he was acquitted on trial, unless it also appears that the prosecution has not been deprived of proofs by the delay.

The court will not accept as evidence on this point the certificate of the district attorney that the prosecution has not suffered by the delay.

The court will require as evidence of this fact proof that the prosecutor, or the witnesses for the people, had notice of the subsequent arraignment and proceedings in court when the *nolle prosequi* was entered, or the prisoner acquitted, and a copy of the evidence upon which the indictment was found should be produced to the court, and the principal witnesses for the people, or the complainant, should be examined as to whether they were subpœnaed to appear in court when the prisoner was arraigned.

APPLICATION to discharge a judgment entered on a forfeited application.

J. F. DALY, J.—Where it is attempted to be shown that the people have not suffered by the delay intervening between the failure of the prisoner to appear when called for trial, and his subsequent surrender by his bail, it should be made to appear to the court that the prosecutor or the witnesses for the people had notice of the subsequent arraignment and proceedings in court when the *nolle prosequi* was entered, or the prisoner acquitted for want of proof. A copy of the evidence upon which the indictment was found should be produced to the court and the principal witness or witnesses for the people, or the complainant at least, should be examined as to whether they or he were subpœnaed to appear in court when the prisoner was arraigned.

The certificate of the district attorney that the prosecution has not suffered by the delay was disregarded in the case of *The People* v. *Coman* (*ante*, p. 527). It is at best the expression of an opinion, and this court, in the exercise of the important and delicate functions conferred by statute will require proof of the facts.

The application on the proofs furnished should be denied.

DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.