## PEOPLE v. TIETJEN et al.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

BAIL—FORFEITURE—REOPENING JUDGMENT.

Where defendant has forfeited his bail, and judgment has been entered thereon, the judgment cannot be vacated because defendant is afterwards surrendered, tried, and acquitted, unless it appears that the prosecution has not been deprived of proofs by the delay; and the certificate of the district attorney is not sufficient evidence on that point.

Application to vacate judgment on a recognizance.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*John R. Fellows,* Dist. Atty., for the People. *Thornton, Earle & Kiendl,* for defendants.

PER CURIAM. The prisoner was arraigned for keeping open on Sunday, August 26, 1888, a place duly licensed for the sale of spirituous liquors, to-wit, 431 Seventh avenue, was held to bail in $100, was indicted November 2, 1888, called for trial on December 21, 1888, and, not answering, his bond was forfeited on that day, and judgment entered February 27, 1889. On May 17, 1889, he was arraigned for trial and acquitted. The petition states that the people have lost no rights by reason of his failing to appear on the first-named day set for trial, and were in as good position to prosecute him on the 17th May, 1889, as they were on that date. A certificate of the district attorney to the same effect is produced. Before the judgment on the recognizance can be vacated, we must have evidence that the prosecutor or the witnesses for the people had notice of the subsequent arraignment and proceedings in court when the prisoner was acquitted, and a copy of the evidence upon which the indictment was found should be produced to us, and the principal witnesses for the people, or the complainant, should be examined as to whether they were subpœnaed to appear in court when the prisoner was arraigned. We cannot discharge these judgments, where the prisoner was subsequently surrendered and acquitted, unless it appears that the prosecution has not been deprived of proofs by the delay, and we cannot accept as evidence on this point the certificate of the district attorney. *People* v. *Carey,* 5 Daly, 533.

Application refused, with leave to renew on further proofs.