### PEOPLE v. SAMUELS et al.

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

BAIL—JUDGMENT OF FORFEITED RECOGNIZANCE—VACATION.

Where a defendant whose recognizance has been forfeited is afterwards surrendered by his surety, tried, and discharged, complainant not appearing, judgment on the forfeited recognizance will not be vacated on the certificate of the district attorney that the people have lost no rights by defendant's failing to appear when his case was first called, but it must be shown that complainant and the principal witnesses for the people were subpœnaed, and diligence used to bring them into court when the prisoner was tried and discharged.

On motion to vacate judgment on a forfeited recognizance against Samuel Samuels, principal, and Julius Israels, surety.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*J. R. Fellows,* Dist. Atty., for the People.   *Ph. Gratz, Jr.,* for defendants.

PER CURIAM.   The prisoner was arraigned for misdemeanor, to-wit, assault in the third degree on Jacob Levermann.   He was held to bail in the sum of $300, called for trial on January 31, 1889, failed to appear, and his bond was forfeited, judgment being entered on May 16, 1889.   No excuse for his failure to appear is shown.   On May 29, 1889, the surety produced the prisoner, the case was called, and the complainant failed to appear, and defendant was fully and finally discharged.   The petition and the certificate of the district attorney state that the people have lost no rights by reason of the prisoner's failing to appear on the date first set for his trial.   The record of the general sessions states that the complainant cannot be found.   In the case of *People* v. *Carey,* 5 Daly, 533, it was held that the certificate of the district attorney that the prosecution has not suffered by the failure of the prisoner to appear on the day first set for his trial is not sufficient to warrant the court in discharging the judgment on the forfeited recognizance, but that the court will require evidence that the prosecutor or the witnesses for the people had notice of the subsequent arraignment, and the proceedings in court, when the prisoner was acquitted.   A copy of the evidence upon which the indictment was found must be produced, and the principal witnesses for the people or the complainant should be examined as to whether they were subpœnaed to appear in court when the prisoner was arraigned.   It must appear fully that sufficient effort was made to find the complainant, with full particulars as to his last known place of residence, and the diligence used to bring him into court.

Application denied, with leave to renew on further proofs.   All concur.