### PEOPLE *v.* SMITH *et al.*

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

BAIL—JUDGMENT ON FORFEITED RECOGNIZANCE—VACATION.

Judgment entered on a forfeited recognizance will not be discharged on the ground that defendant was afterwards surrendered, tried, and acquitted, unless it is proved that the complainant and the principal witnesses for the people were subpœnaed, and had notice of the subsequent arraignment in court, when acquittal was had.

On motion to vacate judgment on a forfeited recognizance against Frank A. Smith, principal, and Francis J. Fitzpatrick, surety.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ

*J. R. Fellows*, Dist. Atty., for the People.    *J. M. Tierney*, for defendants.

PER CURIAM.    The prisoner was charged with assault in the third degree on Daniel N. Hurlburt on the 17th July, 1888, and was held to bail in the sum of $300.    He left the state, went to Colorado, and remained there several months.    While he was absent, and on December 10, 1888, he was called for trial, and, not appearing, his bond was forfeited, and judgment entered on

May 16, 1889. In the month of August, 1889, he returned to the city, and surrendered himself, and on August 6th his case was called for trial. The petition states that subpœnas had been duly issued to the witnesses in the cause, but does not say whether they attended. It also says that the prisoner duly appeared on said last-named day, and, after a hearing in said case, was discharged; and sets forth that the people of the state were not in any way prejudiced by his failure to appear on the day first set for his trial, and that the people have lost no rights by reason of such failure; and the district attorney of the city of New York certifies to the same effect. We have held that a judgment entered upon a forfeited recognizance will not be discharged on proof that the prisoner was subsequently surrendered and acquitted on trial, unless it appears that the prosecution has not been deprived of proofs by the delay. The court will require proof that the prosecutor or the witnesses for the people had notice of the subsequent arraignment and proceedings in court when the acquittal was had, and a copy of the evidence upon which the indictment was found should be produced to the court, and the principal witnesses for the people or the complainant should be examined as to whether they were subpœnaed to appear in court when the prisoner was arraigned. *People* v. *Carey,* 5 Daly, 533. The practice pointed out in that case must be pursued in this. Application refused, with leave to renew on further proofs.