THE PEOPLE OF THE STATE OF NEW YORK *v.* WILLIAM NOONEY.

*Bail bond — defendant's subsequent conviction of another offense no reason for the remission of a forfeiture of the bond.*

An indictment for assault was regularly before a Court of Sessions for trial in May, 1890; the defendant did not appear and his bond was forfeited and judgment was recovered thereon by the People on January 7, 1891; the only reason given for such absence or for the remission of the forfeiture was that in January, 1891, or soon thereafter, the defendant pleaded guilty to a charge of larceny before another court of the State, and was sentenced to a long period of imprisonment. *Held*, that no case was made for the remission of the forfeiture.

APPEAL by Thomas F. Farrell, the surety of the defendant, from an order made by the County Court of Orange county and entered in the office of the clerk of that county on the 7th day of October, 1892, denying his motion to remit the forfeiture of the bail bond or undertaking of the defendant.

*John W. Lyon*, for Thomas F. Farrell, surety, appellant.

*M. H. Hirschberg, District Attorney*, for the respondent.

BARNARD, P. J.:

The papers show that in April, 1890, the defendant, William Nooney, was indicted in Orange county for an assault in the second degree. The defendant gave a bond, with Thomas F. Farrell as his surety, for his appearance at the trial. The indictment was regularly before the Court of Sessions of Orange county in May, 1890, for trial, and the defendant did not appear. The bond was forfeited and judgment recovered upon it by the People on the 7th of January, 1891. No case is made for a remission of the forfeiture. The only reason given is that, in January, 1891, or soon after, the defendant Nooney pleaded guilty to a charge of larceny in the first

degree in New York, and was sentenced to a long period of imprisonment. At the time of the default no reason existed why the defendant did not appear for trial. If it had then been impossible for the defendant to appear a good case would be made for a remission of the forfeited recognizance. This cause of action was complete and judgment recovered upon it before, by the criminal act of the defendant, he became a convict and was sentenced to the State prison. The bond should, therefore, be paid.

The order should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Order denying motion to remit forfeiture affirmed, with costs.