## In re SAYLES.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. RECOGNIZANCE — FORFEITURE — VACATION OF JUDGMENT — CERTIFICATE OF DISTRICT ATTORNEY—NECESSITY OF PRESENTATION.

The certificate mentioned in Consol. Act, § 1482 (Laws 1882, p. 371, c. 410), providing for the vacation of a judgment entered on the forfeiture of a recognizance, on payment of costs and of all expenses incurred in the apprehension or recapture of the principal, on a certificate of the district attorney that the people have lost no rights by reason of the failure of the surety to produce the principal, is merely evidentiary; its presentation to the court is not a condition precedent to the right of the surety to have the judgment vacated and the forfeiture remitted.

2. SAME—DISCRETION OF COURT—REVIEW BY APPELLATE DIVISION.

The authority conferred on the Supreme Court by Code Cr. Proc. §§ 597, 598, and by Consol. Act, § 1482, Laws 1882, p. 371, c. 410, to remit the forfeiture of an undertaking of bail on such terms as are just, is discretionary, the exercise of that discretion being subject to review by the Appellate Division.

3. SAME—ABUSE OF DISCRETION—LACHES OF RECOGNIZOR.

Where bail for the appearance of defendant in a criminal prosecution was forfeited in 1886, judgment being satisfied in that year, a remission of the forfeiture by the Supreme Court on application first made in 1902, 12 years after the return of the principal, was an abuse of judicial discretion.

4. SAME—AFFIDAVIT—EXPLANATION OF DELAY—SUFFICIENCY.

An affidavit filed on an application for the remission of a forfeiture of a recognizance, merely stating that applicant failed to apply sooner for the relief sought because of ignorance of his exact rights in the premises, did not suffice to explain an unreasonable delay in making the application.

Appeal from Special Term, New York County.

Application by Solomon Sayles, etc., for the remission of forfeiture of a recognizance. From an order vacating and canceling a judgment entered upon such forfeiture, and directing the comptroller to pay to the applicant the amount of the recognizance forfeited (81 N. Y. Supp. 258), the people appeal. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Robert C. Taylor, for the People.
Joseph A. Flannery, for respondent.

PATTERSON, J. This is an appeal by the people of the state of New York from an order made at a Special Term of the Supreme Court, remitting the forfeiture of a recognizance, vacating and can-

¶ 3. See Bail, vol. 5, Cent. Dig. § 352.

celing a judgment entered upon such forfeiture, and directing that the comptroller of the city of New York pay to the respondent the sum of $25,000, that being the amount of the recognizance forfeited. The application to the court below was made pursuant to sections 597 and 598 of the Code of Criminal Procedure. It was brought before the court upon a notice of motion served upon the present district attorney of the county of New York, and was based upon an affidavit of Solomon Sayles, the respondent, in which it was set forth that on the 13th of April, 1886, Henry L. Sayles, his brother, was indicted for the crime of bribery in the Court of General Sessions of the Peace in and for the city and county of New York; that Henry L. Sayles was held to answer the said indictment, and on that day the respondent gave bail in the sum of $25,000 for the appearance to answer of the said Henry L. Sayles; that Henry L. Sayles failed to appear, and the bail was forfeited by an order of the court dated the 13th day of October, 1886, and a judgment for the sum of $25,000 was thereupon duly entered against Solomon Sayles, the amount of which judgment was paid to the comptroller and chamberlain of the city and county of New York. The judgment was satisfied on November 24, 1886. Henry L. Sayles left the jurisdiction of the court, and did not return until the 7th of May, 1890, when he voluntarily surrendered himself for trial upon the indictment found against him. On the 13th day of June, 1890, the indictment was dismissed. He was indicted for bribery while serving as an alderman of the city of New York in the year 1884. The affiant (respondent), in his affidavit, proceeds to state that when the indictment was dismissed certain things were said in open court by the then district attorney indicating that there never had been evidence justifying the indictment or trial of Henry L. Sayles; that the affiant verily believes that the people of the state of New York lost no rights and were not prejudiced by the absence of the said Henry L. Sayles. The affidavit in this respect is supported by that of a gentleman who was an assistant district attorney of the city of New York in the years 1886, 1887, and 1888. That gentleman, as assistant district attorney, tried all the indictments found against the aldermen of the city of New York for offenses similar to that of which Henry L. Sayles was accused, and he swears that he knows that the people lost no rights during his term of office by reason of the absence from this jurisdiction of the said Henry L. Sayles, because the same evidence, witnesses, and facts were available for the prosecution during all that time.

It is provided by section 597 of the Code of Criminal Procedure that after the forfeiture of an undertaking of bail, or the deposit of money in lieu of bail, the court directing the forfeiture, the County Court of the County, or, in the city of New York, the Supreme Court, may remit the forfeiture, or any part thereof, upon such terms as are just. Section 598 of the Criminal Code requires that the application must be made upon at least five days' notice to the district attorney of the county, served with copies of the affidavit and papers on which it is founded, and can be granted only upon the payment of the costs and expenses incurred in the proceedings for the enforcement of the forfeiture. Those sections of the Code of Criminal Procedure con-

fer authority and direct the method in which the application shall be made; but section 1482 of the consolidation act (Laws 1882, p. 371, c. 410), which has special application to the city of New York, we deem to be still in force—the authority conferred upon the Court of Common Pleas by that section being transferred to the Supreme Court. It is provided by that section that the Court of Common Pleas, upon the certificate of the district attorney that the people of the state of New York have lost no rights by reason of the failure of a surety to produce a principal in compliance with the terms of a recognizance given by them, and that by reason of the principal being produced the said people of the state of New York are in as good a position to prosecute said principal as when such failure occurred, may, upon such terms as are just, by order, vacate and set aside any judgments heretofore entered upon the forfeiture of such recognizance against such principal or surety, or either of them, on payment to the chamberlain of all costs included in such judgment, and of all expenses incurred in the apprehension or recapture of such principal.

In this case the certificate of the present district attorney was not obtained. The district attorney in office at the time the indictment was dismissed is dead. The present learned district attorney insists that the procurement and presentation to the court of the certificate mentioned in section 1482 of the consolidation act (Laws 1882, p. 371, c. 410) is a condition precedent to the right of a surety to have the judgment vacated and the forfeiture remitted. We do not so regard it. The jurisdiction of the Supreme Court is complete. The provision of section 1482 of the consolidation act should be regarded as only relating to evidence. The power of the court to proceed without it, if it so chooses, we think is not to be impugned. But the authority conferred by the Code of Criminal Procedure or by the consolidation act is discretionary. It is a judicial discretion, subject to be reviewed by this court, and we are of the opinion that in this case that discretion was not properly exercised, and the application should have been denied.

The bail was forfeited in the year 1886, the judgment was paid and satisfied in November of that year, and the money paid became part of the county funds. Sixteen years elapsed before the application was made to set aside the judgment. It is fair to presume that meantime that money was expended by the county for general purposes, and the comptroller should not be required, after the lapse of 16 years, to pay to the respondent a large sum of money, which is substantially a gift to him, and which must be paid by the taxpayers. It is not as if a fund had remained in the treasury. The respondent has no absolute legal right to this money, as the bail was forfeited. The defendant in the indictment left the jurisdiction, remained away 4 years, and not until 12 years after his return does the surety move in the Supreme Court to be relieved from the forfeiture. There is no equitable consideration operating in favor of the respondent under such circumstances, and, indeed, it is very doubtful whether the authority conferred to vacate this judgment extends so far as to permit the court to direct the comptroller to reimburse money collected on a judgment after that money has been applied to the use

of or for county purposes. But, be that as it may, the precedent should not be established of permitting moneys not specially retained on deposit to be drawn from the public treasury upon applications of this character, after the lapse of many years, and the acquiescence of parties in a situation during so long a period of time.

The delay is not sufficiently explained. The respondent states merely in his affidavit that he failed to apply for the relief now sought because of ignorance of his exact rights in the premises.

We are of the opinion that the certificate of the district attorney is not a prerequisite to the exercise of the power of the court; but we think that, under the circumstances of this case, the discretion to remit the forfeiture and vacate the judgment was not properly exercised, and that the order should be reversed, with $10 costs and disbursements, and that the motion should be denied, with $10 costs All concur.