PEOPLE v. HEIT et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1912.)

BAIL (§ 79*)—BAIL IN CRIMINAL CASES—FORFEITURE—WHEN PROPERLY REMITTED.

> The discretion granted the county judge by Code Cr. Proc. §§ 597, 598, to remit or reduce forfeiture of a bail bond, should be exercised only where extreme hardship would otherwise result to the sureties, and is not properly exercised on a mere showing that the surety can ill afford to lose the amount.

> [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369;  Dec. Dig. § 79.*]

Appeal from Kings County Court.

Action by the People of the State of New York against Roas Heit and another to forfeit a bail bond. From an order remitting forfeiture, the People appeal.   Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and H. G. Anderson, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

Rufus L. Perry, of Brooklyn, for respondents.

RICH, J.   This appeal is by the people from an order of a county judge remitting the forfeiture of a bail undertaking from $1,500 to $1,000.   The facts are undisputed.   On January 2, 1910, Antonio Montelione, Erasino Rubino, and Pietro Compisiano were arrested, charged with the crime of extortion, and held to await the action of the grand jury.   On January 28, 1910, they were jointly indicted, charged with that crime.   On March 15th and 16th following, Montelione was tried, found guilty as charged in the indictment, and sentenced to a term of years in state prison.   The judgment of conviction was unanimously affirmed, and Rubino and Compisiano were committed to the custody of the warden of the city prison in default of $10,000 bail.   On January 22d Montelione appealed to the Court of Appeals.   The bail of Rubino and Compisiano was subsequently reduced to $1,500, and on March 4, 1912, the respondents executed a bond in the penalty of $1,500, conditioned:

"That the above-named Erasino Rubino shall appear and answer the indictment above mentioned, in whatever court it may be prosecuted and shall at all times render himself amenable to the orders and process of the court and if convicted shall appear for judgment and render himself in execution thereof, or if he fail to perform either of these conditions, then will pay to the People of the State of New York, the sum of $1,500.00."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On March 19th following the Court of Appeals unanimously affirmed the conviction of Montelione. On March 28th Rubino was called for trial in the County Court of Kings county. He did not appear, and his undertaking was on March 29th declared forfeited. On April 1st following, judgment for $1,500 was entered against the respondents, and execution issued under which the sheriff levied upon property owned by the respondent Heit, who subsequently was successful in obtaining the order from which this appeal is taken. Rubino is still at large, and his whereabouts are unknown.

I have been unable to find a reported case where a forfeiture has been remitted where the accused was not in custody and produced, but, assuming without deciding that the discretion vested in the court by sections 597 and 598 of the Code of Criminal Procedure may be properly exercised although the accused is not surrendered and is still at large, such discretion should not be exercised except in cases of extreme hardship, as Judge Vann said in People v. Spear, 1 N. Y. Cr. R. 538, such as "will cause destitution to a family, deprive children of support and education, or creditors of their just debts," and not for reasons founded only on sympathy or sentiment, and facts showing such conditions as the positive result of enforcement of the judgment must be presented to the court to which the application is made, before it is warranted in exercising the discretion vested in it by reducing the forfeiture.

In the case at bar the only proof before the court was the statement contained in the affidavit of the respondent Heit in the following sentence, viz.:

"That the amount of bail fixed and the judgment entered thereon is excessive; that deponent can ill afford to lose the amount adjudged in said forfeiture."

The order appealed from is reversed. All concur, except JENKS, P. J., not voting.