(152 App. Div. 482.)

In re PELLEGRINO.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

BAIL (§ 79*)—FORFEIT—RELIEVING SURETY FROM EFFECTS OF JUDGMENT.

While, under Code Cr. Proc. § 597, a court, during the time a defendant in a criminal action is at large, may abate in part the debt of a surety whose bond has been forfeited, such abatement is not warranted, though the surety used diligence to capture the fugitive, where he would have paid voluntarily and without hardship.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. § 79.*]

Hirschberg and Woodward, JJ., dissenting.

Appeal from Kings County Court.

Application by Angelo Pellegrino for relief from a judgment on a penal bond. From an order remitting a portion thereof, the People of the State of New York appeal. Reversed, and motion denied.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, and Harry G. Anderson, Asst. Dist. Atty., of New York City, on the brief), for the People.

Peter P. Smith, of Brooklyn, for respondent.

THOMAS, J.  The court, after judgment of conviction affirmed and the failure of the surety on the bond for the appearance of the defendant to comply therewith, forfeited the bond, and judgment in the sum of $10,000 was entered, which as against the surety the court ordered canceled upon the payment within 20 days of the sum of $6,-000.  The surety used diligence to effect the discovery and surrender of the fugitive defendant.  The surety is amply able to pay the judgment.

It is urged that the court has not the power to abate in part the debt while the defendant in the criminal action is at large.  There is no such limitation upon its power expressed in the statute (Code of Criminal Procedure, § 597), but the present facts furnish no occasion for its exercise.  The debt is due, payable, collectible, and, so far as appears, would have been voluntarily discharged.  The surety would suffer by any considerable payment, as his property is the product of industry.  But he contracted the obligation without constraint on the part of the obligee in the bond, and has failed to protect himself by due custody of the offender, and the court should not modify the hardship of just payment by abating from the sum due upon any grounds that appear.

The order should be reversed, and the motion denied, without costs.

BURR and RICH, JJ., concur.  HIRSCHBERG and WOODWARD, JJ., dissent.