## PEOPLE v. SCHWARZE.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

BAIL ⬤➡79—CRIMINAL CASES—FORFEITURE—REDUCTION OF LIABILITY.

The financial condition of a surety on a forfeited $300 bail bond *held* not such as to practically pauperize him if compelled to pay the bond, and a reduction of liability to $150 was unauthorized.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350-369; Dec. Dig. ⬤➡79.]

Appeal from Kings County Court.

Action by the People of the State of New York against Frank Schwarze to forfeit a bail bond. From an order remitting a part of the liability on the bond, and from an order refusing to resettle the order, the People appeal. Reversed, and judgment on default reinstated.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for the People.

Matthew W. Carmel, of Brooklyn (Rufus L. Perry, of Brooklyn, on the brief), for respondent.

PER CURIAM. The defendant gave an undertaking in bail, and his principal defaulted within a few days. The defendant was not proceeded against until 1909, when judgment was entered upon his default in an action brought against him. Upon application to the County Court the judgment was reduced from $300 to $150, which was paid forthwith. The People appeal.

The defendant never produced the accused, and did not show that refusal to discharge liability would result in destitution in his family, deprivation of their support and education, and deprivation of his creditors. People v. Heit, 152 App. Div. 179, 136 N. Y. Supp. 651. See, also, Matter of Pellegrino, 152 App. Div. 482, 137 N. Y. Supp. 305, affirmed 207 N. Y. 770, 101 N. E. 1113. The margin between the present condition of the defendant and that required by the rule indicated in People v. Heit, supra, is not so narrow as to be measured, so to speak, by $150. The condition of the defendant, as revealed by his examination in supplemental proceedings, justifies a more optimistic view than that taken by him, and does not justify his conclusion that the payment of the $300 would "practically pauperize" the defendant. He keeps a shop for the sale of liquor at retail. He is possessed of real estate, although it is true that it is incumbered. But his debts amounted to less than $450, exclusive of a payment due the brewery of $900, and of $3,000 which he owes to his wife on a debt of 12 years' standing. Within 60 days of his examination he had paid out upon two notes, and for beer, ale, and milk, $646.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In passing upon such applications, the court should remember that there is a principle involved beyond that of clemency to the bondsman. Justice may be defeated by the escape of the principal, and, if it is clearly understood that the bondsman will be held rigidly accountable for the escape, the administration of the criminal law will be promoted.

The order of the County Court of Kings County is reversed, and the judgment is reinstated. Due credit should be given for the payment of the $150 as on account of the judgment.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

