(169 App. Div. 571)

### PEOPLE v. LEVY. (No. 7885.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

BAIL ☞79—FORFEITURE—RELIEF.

 On a motion to vacate a judgment entered upon a forfeited recognizance and for the return of the cash bail applied to the payment thereof, movant, in the absence of the certificate of the district attorney, under Consolidation Act (Laws 1882, c. 410) § 1482, that the people have lost no rights by reason of the failure of the surety to produce his principal, must affirmatively show that the people in fact lost nothing by such failure, and the mere fact that after a fugitive is captured, or surrenders, he is acquitted upon trial, does not of itself prove that the people lost nothing; and, after the cash bail has been paid over and mingled with the city's funds, it cannot be summarily ordered to be paid back.

 [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. ☞79.]

Appeal from Special Term, New York County.

Jacob Levy was arraigned on a charge of disorderly conduct. From an order, on his motion .after his discharge, vacating a judgment entered upon a forfeited recognizance, and directing the return of the cash bail applied to the payment of said judgment, the People appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Robert S. Johnstone, Asst. Dist. Atty., of New York City, for the People.

Elias Rosenthal, of New York City, for respondent.

SCOTT, J.   Jacob Levy was arrested by a railroad policeman at the Grand Central Station in the city of New York, and was arraigned before a city magistrate, charged with disorderly conduct and an attempt at pocket picking.   He applied for an adjournment, and one Henry Knoch became his surety, depositing $1,000 in cash as bail.   On the adjourned day Levy applied for a further adjournment, which the magistrate granted only until 2 o'clock of the same day.   At that time Levy failed to appear, his bail was forfeited, and a judgment entered, whereupon the chamberlain, with whom the bail had been deposited, turned it over to the comptroller in satisfaction of the judgment.   Some days later Levy surrendered himself in the Magistrate's Court.   The officer who had made the complaint opportunely appeared in court at the same time, although it does not appear that

 ☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

he had been subpœnaed by the people, and on being called so modified his testimony against Levy that the magistrate felt bound to discharge him, not, however, without a significant warning to keep away from the Grand Central Station on football days.

Thereupon an application was made to a justice of the Supreme Court, on behalf of Knoch, that the judgment of forfeiture be vacated, and the comptroller ordered to return the cash applied to the satisfaction of the judgment. On the first application the justice denied the motion, unless the district attorney should certify that the people had lost no rights by reason of the forfeiture. The district attorney refused to make such a certificate, whereupon the application was again made to the same justice, who unconditionally granted the motion by the order now appealed from.

The respondent, of course, relies on the often cited case of Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671, which is relied on as holding that, under section 1482 of the Consolidation Act, the procurement and presentation to the court of the certificate of the district attorney that the people have lost no rights by reason of the failure of a surety to produce his principal is not a condition precedent to the right of a surety to have the judgment vacated and the forfeiture remitted, but was a mere provision relating to evidence. In point of fact, the case cited is not an authority for the doctrine attributed to it, which was not necessary to the decision and merely expressed the opinion of the learned justice who wrote.

Whether that dictum should be followed will be determined when the necessity for considering the question arises. For the present it is sufficient to lay down these rules: First, that in the absence of such a certificate the applicant must affirmatively show that the people, in fact, lost nothing by the surety's failure to produce his principal; second, that the mere fact that, after a fugitive is captured or surrenders, he is acquitted upon trial, does not of itself prove that the people lost nothing; third, that after a judgment has been collected, or cash bail has been paid over to the comptroller in satisfaction of the judgment, and mingled with the city's funds, it cannot be summarily ordered to be paid back. This is really what was decided in the Sayles Case.

In the present case it by no means satisfactorily appears that the people lost nothing by Levy's absconding. On the contrary, there is strong ground for the suspicion that his absence may have had much to do with the amelioration of the testimony of the complaining witness.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. Order filed. All concur.