### PEOPLE v. ABRAMS et al.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

1. BAIL ⊖⇒77(2)—CRIMINAL PROSECUTIONS—FIXING LIABILITY—ORDER OF FORFEITURE.

The liability of the principal and surety upon an undertaking becomes fixed upon entry of an order of forfeiture.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 341–349, 403; Dec. Dig. ⊖⇒77(2).]

2. BAIL ⊖⇒96—ACTION ON UNDERTAKING.

Upon the entry of order of forfeiture of an undertaking, it becomes the duty of the district attorney under the terms of Consolidation Act (Laws 1882, c. 410) § 1480, to enter the judgment and endeavor to collect it, and under the terms of County Law (Consol. Laws, c. 11) § 201, turn the proceeds over to the county treasurer.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 424; Dec. Dig. ⊖⇒96.]

3. BAIL ⊖⇒79(1)—FORFEITURE—PAYMENT—REMISSION.

After recovery on a forfeited undertaking for bail, the proceeds paid to the county belong to it absolutely, and there is no right of remission, unless by statute.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–362, 365–368; Dec. Dig. ⊖⇒79(1).]

4. BAIL ⊖⇒79(2)—FORFEITURE—PAYMENT—REMISSION.

Under Consolidation Act, § 1483, the certificate of the district attorney that the state has lost no rights by failure of a surety to produce a principal is a prerequisite to a court's allowing a remission of forfeited bail, unless failure to obtain the certificate is excused.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 363–365, 369; Dec. Dig. ⊖⇒79(2).]

---

⊖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. BAIL ⚎79(2)—FORFEITURE—REMISSION.

Where the principal upon a forfeited undertaking did not surrender for some 20 months after her default and was then acquitted, and the district attorney refused to give a certificate that the state has lost no rights by her default, the order of the court remitting the forfeiture was not warranted.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 363–365, 369; Dec. Dig. ⚎79(2).]

6. BAIL ⚎79(1)—FORFEITED AND PAID—DISPOSITION OF PROCEEDS.

Consolidation Act, § 1483, allowing certain courts to remit money paid on forfeit of bail in certain circumstances, is not mandatory as to their action.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–362, 365–368; Dec. Dig. ⚎79(1).]

Appeal from Special Term, New York County.

Proceeding by the People against Bella Abrams and others to forfeit bail. An order was subsequently entered remitting the forfeiture, vacating the judgment, and directing the repayment of the amount paid. From an order resettling said order, the People appeal. Reversed and rendered.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Robert S. Johnstone, Asst. Dist. Atty., of New York City (George A. Lavelle, Deputy Asst. Dist. Atty., of New York City, on the brief), for the People.

Samuel Fine, of New York City (Julius L. Pinnes, of New York City, on the brief), for respondent.

LAUGHLIN, J. On the 26th day of July, 1913, the respondent was arrested by a police officer on the charge of having committed an act of prostitution in a tenement house, and was held in bail in the sum of $500. When taken to the police station she gave the name Bella Abrams, and sent for Morris Mandelskorn, and delivered to him the sum of $500, which he and she now claim was intended to be used as cash bail; but it was not so used, and she executed an undertaking with him as surety for her appearance in the Magistrate's Court at 9 a. m. the next day. She defaulted in appearing, and on the 28th day of July, 1913, the undertaking was forfeited, and the judgment entered thereon was paid by the surety on that day. She claims to have been misinformed with respect to the time at which she was required to appear, and that when she did appear she was informed by an officer at the police station that her case was not on the calendar, and that she was at liberty to go. She made no further inquiry, and took no step with a view to procuring the return of her money, until June, 1914, when she heard that bankruptcy proceedings were pending against her surety. She claims that she then, through her attorney, instituted an inquiry, and discovered the facts with respect to what had taken place. On the 7th day of April, 1915, she surrendered and was arraigned and tried before a magistrate, and she was acquitted, evidently on account of the failure of the police officer to

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

remember accurately the facts which transpired nearly two years before. She then applied to the district attorney to have the bail money refunded, and he refused to consent thereto; and on a petition verified on the 26th day of October, 1915, she applied to the court and obtained the order from which the appeal is taken.

[1, 2] The liability of the principal and surety became fixed upon the entry of the order of forfeiture. People v. Bennett, 136 N. Y. 482, 32 N. E. 1044; People v. Parisi, 217 N. Y. 24, 111 N. E. 253. It then became the duty of the district attorney to enter the judgment (New York Consolidation Act, § 1480), and to endeavor to collect it (People v. Salomon, 212 N. Y. 445, 106 N. E. 111), and to turn over the money collected to the county treasurer (County Law, § 201). The title to the money thereupon became absolute in the county, which might apply it to the use of the county and presumably it was so applied.

[3] There is no right to the remission of such a forfeiture unless granted by statute. The statutory provisions authorizing the remission of moneys collected in satisfaction of such a judgment of forfeiture in the county of New York are those contained in section 1483 of the Consolidation Act, which so far as material to the question presented for decision, provide that the courts therein specified—

"may, upon the certificate of the district attorney that the people of the state of New York have lost no rights by reason of the failure of a surety to produce a principal in compliance with the terms of a recognizance given by them, and that by reason of the principal being produced the said people of the state of New York are in as good a position to prosecute said principal as when such failure occurred, whether such principal has been tried or whether a nolle prosequi has been entered or not, by order vacate and set aside or modify any judgment heretofore entered or that may be hereafter entered upon the forfeiture of such recognizance against such principal and surety, or against either, and as to either, on payment to the chamberlain of all costs included in such judgment or judgments, and of all expenses incurred in the apprehension or recapture of such principal, and if such fine shall have been paid or judgment collected, in whole or in part, upon such forfeited recognizance, the court may, in its discretion, direct the same or any part thereof to be remitted, and the officer, district attorney, or chamberlain, in whose hands the money remains, must pay the same or the part remitted, according to the order, retaining the costs, if any, as aforesaid."

[4] It would seem from these provisions that the Legislature intended that the certificate of the district attorney should be a prerequisite to such relief; but it was stated obiter in a unanimous opinion by this court in Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671, where the district attorney in office at the time of the forfeiture whose certificate it was claimed was a condition precedent to the remission had died, that the court might act without such certificate on satisfactory proof of the facts which the certificate would afford. When, if ever, a case shall arise in which it is impossible, by death or otherwise, to obtain the certificate of the district attorney, or the certificate is arbitrarily withheld, and the forfeiture is of such a technical nature that it is perfectly clear that the people could not have been prejudiced, it will be necessary for the court to consider the soundness of that dictum in Matter of Sayles, supra, and that will neces-

sarily have to be tested by an examination of the inherent power of the court and the history of the legislation to ascertain the true spirit and intent of the law with respect to requiring the certificate of the district attorney.

[5, 6] In the case at bar, however, where the respondent did not surrender for some 20 months after her default and was then acquitted, it is not only possible, but it is probable, that the people were prejudiced by the failure of the respondent to appear, and the district attorney would not have been warranted in giving the statutory certificate, and, if he had given it, the court would not have been justified in granting the relief sought, which does not follow from the production of the certificate of the district attorney alone, for the statute is not mandatory with respect to the action to be taken by the court. See People v. Levy, 169 App. Div. 571, 155 N. Y. Supp. 512; People v. McGinnis, 15 N. Y. St. Rep. 382; People v. Flegenheimer, 15 N. Y. St. Rep. 376; People v. Tietjen, 7 N. Y. Supp. 642; People v. Heit, 152 App. Div. 179, 136 N. Y. Supp. 651; People v. Fisher, 8 N. Y. St. Rep. 382; People v. Samuels, 7 N. Y. Supp. 659; People v. Devine, 7 N. Y. Supp. 660; People v. Dale, 154 N. Y. Supp. 1137; People v. Flower (App. Div., 1st Dept., March 24, 1916); People v. Schwarze, 168 App. Div. 124, 153 N. Y. Supp. 111; People v. Kurtz, 9 N. Y. Supp. 745.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.