THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL DI MEO, Also Known as MICHELE DIMEO, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Although section 597 of the Code of Criminal Procedure conferred the discretionary power upon the court to remit the forfeiture of bail, or any part thereof, yet this is a judicial discretion and may be reviewed. (*Matter of Sayles*, 84 App. Div. 210.) An undertaking of bail is a serious contract, and imposes upon the surety the absolute obligation to produce his principal when called for trial. This application should not be granted save under exceptional circumstances. In the present case the surety failed in the discharge of his duty, which is shown by the very fact which

he offered as an excuse, namely, that the accused left this country and sailed for Liverpool. It is not shown that the enforcement of the undertaking will impose undue hardship upon the surety or his family, and indeed this is a reason which should be very rarely received. The suggestion that the accused would have been acquitted cannot be considered. That question can only be tried in the criminal courts, and not collaterally on an application to discharge a bail bond. (*People* v. *Schwarze*, 168 App. Div. 124; *People* v. *Spear*, 1 N. Y. Cr. Rep. 538; *People* v. *Nooney*, ·73 Hun, 566; *People* v. *Levy*, 169 App. Div. 571.) Thomas, Stapleton, Mills, Rich and Blackmar, JJ., concurred.