THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. FRANK GRUNDY, Defendant.*

NATIONAL SURETY COMPANY, Respondent; CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.

First Department, December 3, 1926.

Bail — application for remission of bail forfeiture on petitioner's undertaking and for discharge of judgment forfeiting bail — Statute of Limitations — bail was forfeited on January 31, 1923 — prisoner surrendered on May 13, 1925 — present application was made on July 21, 1926 — Code of Criminal Procedure, § 598, as amd. by Laws of 1926, chap. 478, in effect July 1, 1926, provides that application must be made within one year after forfeiture is declared — said statute applies to present application — remission of forfeited bail is purely statutory — petitioner had no vested right of which it was deprived by said amendment — application is denied.

This is an application, made on July 21, 1926, for remission of bail forfeiture on petitioner's undertaking and for the discharge of judgment forfeiting the bail. Since it appears that the bail was forfeited on January 31, 1923, and the prisoner surrendered on May 13, 1925, the present application, made more than one year after the forfeiture of the bail, must be denied under section 598 of the

---

* See *People* v. *Phelan* (219 App. Div. 80).— [REP.

Code of Criminal Procedure, as amended by chapter 478 of the Laws of 1926,
    which went into effect on July 1, 1926, and which provides that the application
    must be made within one year after the forfeiture of the undertaking or deposit
    is declared.

Section 598, as amended, applies to the present application, for the remission of
    forfeited bail is purely statutory. The petitioner had no vested right upon the
    surrender of the prisoner to have the bail remitted and it was not, therefore,
    deprived of any vested right by the amendment.

APPEAL by Charles W. Berry, as comptroller of the city of New
York, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 30th day of July, 1926, directing the
remission of bail forfeiture and the discharge of a judgment forfeiting
bail in the sum of $1,000, which was given by the respondent for
the appearance of the defendant to answer a charge of grand
larceny.

*Henry J. Shields* of counsel [*John F. O'Brien* and *George. H.
Cowie* with him on the brief; *George P. Nicholson, Corporation
Counsel,* attorney], for the appellant.

*Harry J. Robinson* of counsel, for the respondent.

BURR, J. The sole question to be determined on this appeal is
whether the application of petitioner to vacate and discharge a
judgment forfeiting bail made and entered in favor of the People
of the State of New York on January 31, 1923, is barred by section
598 of the Code of Criminal Procedure, as amended by chapter
478 of the Laws of 1926, which became a law on April 17, 1926,
and effective July 1, 1926, and which provides as follows: " Appli-
cation for remission of forfeiture; how made and granted. The
application must be *made within one year after the forfeiture of such
undertaking or deposit is declared* upon at least five days' notice
to the district attorney of the county served with copies of the
affidavits and papers on which it is founded, and can be granted
only upon payment of the costs and expenses incurred in the pro-
ceedings for the enforcement of the forfeiture." (The italicized
matter in the above section is new.)

One Frank Grundy was arraigned January 13, 1923, in the
Magistrates' Court of the City of New York upon a charge of
grand larceny. The National Surety Company executed its bail
bond in the sum of $1,000 conditioned for the appearance of
Grundy, and thereupon he was released from custody. At a later
hearing upon the charge, held on January 22, 1923, Grundy failed
to appear and the bail bond was forfeited. On January 31, 1923,
judgment of forfeiture was duly entered for $1,000 and on February

14, 1924, the National Surety Company paid said amount to the district attorney.

On May 1, 1923, the National Surety Company learned that Grundy had been arrested in Pittsburg, Penn., on a charge of dealing in narcotics, and that extradition proceedings had been started by the State of Connecticut for his return to answer that charge. Thereafter Grundy was convicted in Connecticut and upon his release from prison in that State he was on May 13, 1925, surrendered to the police authorities of New York city. On May 18, 1925, he was arraigned in General Sessions to plead to the charge of grand larceny, on which charge he had been released on $1,000 bail. This charge was reduced to petit larceny, to which he pleaded guilty, and he was then placed on a three-year probation.

Thereafter and on the 21st day of July, 1926, the surety company made this application for the remission of bail forfeiture on its undertaking and for the vacation, discharge and satisfaction of the judgment entered against the surety company on January 31, 1923. The application was granted at Special Term and the comptroller appeals. The forfeiture occurred in January, 1923, and Grundy was surrendered to the jurisdiction of the Court of General Sessions May 13, 1925.

It seems to me the application for the order is barred by the statute as amended, and that the order appealed from must be reversed.

The remission of forfeited bail is purely statutory, and the provisions thereof must be strictly followed. Prior to the amendment above set forth there was no statute of limitation as to the time within which an application might be made to the court for a remission of forfeited bail. (See Laws of 1882, chap. 360, amdg. Code Crim. Proc. § 598; Laws of 1895, chap. 880, amdg. Code Crim. Proc. § 597.) Under the statute as amended the limitation of time within which an application for the remission of forfeiture must be made was fixed at one year after the forfeiture of such undertaking or deposit is declared.

It is evident that the surety company had from May 13, 1925, to July 1, 1926, within which to apply for the return of the forfeited undertaking under the old law. No explanation or excuse is given for its failure to do so. The application of the surety company was made upon the ground that the surety made diligent efforts to produce Grundy, and that the People of the State of New York lost no rights and suffered no injury because of the failure of Grundy to appear in the Magistrates' Court when his case was called, since the surety produced him later and brought about his conviction by a plea of guilty.

The statute limits the time within which an application may be made. This application was made after that time. It is not a matter, therefore, for the exercise of discretion by the court.

On behalf of respondent it is contended that " the effect of this amendment to section 598, if the respondent were to be bound by it, would be to deprive it of a vested right without affording it any new remedy whatever." The surety did not have prior to said amendment an absolute vested right to be relieved from its bail bond after forfeiture thereof had been duly declared and judgment of forfeiture had been duly entered. It rested in the sound discretion of the court. In *People* v. *DiMeo* (181 App. Div. 893) the court said: " Although section 597 of the Code of Criminal Procedure conferred the discretionary power upon the court to remit the forfeiture of bail, or any part thereof, yet this is a judicial discretion and may be reviewed. (*Matter of Sayles,* 84 App. Div. 210.) An undertaking of bail is a serious contract, and imposes upon the surety the absolute obligation to produce his principal when called for trial. This application should not be granted save under exceptional circumstances." In that case the order granting the motion of the surety was reversed and the motion denied.

In *Matter of Sayles* (84 App. Div. 210) this court held that the authority to remit the forfeiture of a recognizance is a discretionary power, the exercise of which may be reviewed by the Appellate Division and in that particular case held that the granting of the application constituted an improper use of the discretionary power vested in the court because of the great delay in making the application.

It is clear, therefore, from these decisions that an application to secure a return of forfeited bail was addressed to the discretion of the court and was not a vested right at the time when the amendment to section 598 of the Code of Criminal Procedure went into effect.

The order appealed from should be reversed, with ten dollars costs to appellant, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.