THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES J. FIANNACA, Defendant, and MICHAEL AMATO et al., Respondents.

Fourth Department, November 11, 1953.

*John F. Dwyer, District Attorney* (*George R. Blair* of counsel), for appellant.

*Anthony Manguso* for respondents.

*Per Curiam.* This appeal is from an order of the County Court of Erie County vacating a judgment of forfeiture entered against the sureties on the bail bond of one Charles J. Fiannaca and remitting the forfeiture.

In October, 1948, Fiannaca was indicted for burglary in the third degree and grand larceny in the first degree; bail was fixed at $10,000 and the respondents herein became sureties upon the bail bond. The respondents received no fee for becoming sureties on the bail bond. The indictment appears to have been moved for trial at the November and December terms of the County Court in 1948 and at the February and March terms in 1949 but trial was not had. It was next moved for trial in October, 1952, and two successive postponements were had until December 22, 1952, to allow the attorney for the defendant an opportunity to locate and produce the defendant. The defendant was not found and did not appear and estreatment of the bail followed.

It appears from an affidavit sworn to by the wife of the defendant that in June, 1951, the defendant had been confined to the Rochester City Hospital for mental examinations and was later committed to the Rochester State Hospital for Mental Defectives. The affidavit states that the defendant escaped from the latter hospital on October 21, 1952; has not been heard from since; and his whereabouts are unknown.

The courts have always looked upon the agreement of a surety upon a bail bond as a solemn agreement to produce the accused for trial, and have held that the surety's obligation to do so may not be dispensed with except under extraordinary circumstances. Notwithstanding, however, the severity of the obligation of the surety, the Legislature apparently concluded that to enforce forfeiture in all circumstances might sometime result in injustice and by its enactment of section 597 of the Code of Criminal Procedure has authorized the court to remit the forfeiture, or some part thereof, upon such terms as are just. It has been generally held that there may be no remission in the absence of a showing that the State has lost no rights. It is only in rare cases that relief has been granted to the surety under section 597 of the Code of Criminal Procedure where the accused was still at large but the courts have recognized that the question of remission of the forfeiture, even in such cases, is a matter for the discretion of the court (*Matter of Pellegrino,* 152 App. Div. 482, affd. 207 N. Y. 770; *People* v. *Di Meo,* 181 App. Div. 893, appeal dismissed 224 N. Y. 612; *People* v. *Parkin,* 263 N. Y. 428). The court may not take into consideration as a basis for the exercise of discretion any sympathy for the unhappy plight of the surety. The closest authorized approach to such a consideration is where the forfeiture results in " extreme hardship ". Since the opinion of Judge VANN in *People* v. *Spear* (1 N. Y. Crim. Rep. 538), extreme hardship has been consistently characterized as that which will result in " destitution to a family, deprive children of support and education, or creditors of their just debts " (see *People* v. *Heit,* 152 App. Div. 179; *People* v. *Licenziata,* 230 App. Div. 358, 360, affd. 256 N. Y. 534, and *People* v. *Schwarze,* 168 App. Div. 124).

The affidavits upon which the application is made here present no facts evidencing extreme hardship. There is, therefore, no factual basis for the exercise of the court's discretion in remitting the forfeiture, and the order appealed from should be reversed and the application for remission denied. Such reversal and denial, however, should be without prejudice to

the right of the sureties to renew the application upon proper papers within the statutory period (Code Crim. Pro., § 598), if so advised.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and facts and motion denied without prejudice to renew upon proper papers within the statutory period if so advised.