THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY (for JERRY ROBINSON, Principal), Respondent.— In a proceeding by the surety of a defendant in a criminal case to vacate an order forfeiting defendant's bail and a judgment which was entered upon the forfeiture, the People appeal from an order of the Supreme Court, Queens County, dated April 17, 1973, which granted the application, upon condition that $10 costs be paid. The notice of appeal is hereby amended to show that the correct date of the order under review is April 17, 1973 and not March 19, 1973, which is the date of the decision upon which the order was made. Order reversed, on the law and the facts, with $20 costs and disbursements, and the surety's application denied. Although the surety made its application three days before the expiration of the one-year limitation therefor (CPL 540.30, subd. 2), the affirmation it served upon the District Attorney with its notice of the application failed to provide any basis in accordance with the requirements of the statute for the granting of the application. The application, therefore, did not meet those requirements and was a nullity. The submission and service on the People of a supplementary affidavit some 22 days after the expiration of the one-year statutory period of limitation did not and could not serve to make the originally defective application valid or put it in compliance with the statute. The right to remission of forfeited bail is not a vested right but an act of grace which the Legislature may take away if it so declares its purpose (*People* v. *Cohen,* 245 N. Y. 419; *People* v. *Public Security Mut. Ins. Co.* [*Santiago*] 43 A D 2d 963). It is purely statutory and the provisions of the statute must be strictly construed (*People* v. *Grundy,* 218 App. Div. 541, 543). The requirements of the statute that applications for remission of forfeiture of bail must be made within one year after the date of the forfeiture upon five days' notice to the District Attorney and service of copies of the affidavits and papers upon which the application is founded must be complied with. They are not satisfied by the submission of an affidavit and papers which fail to provide any reason why remission should be granted. The affidavit and

papers upon which such an application is founded must be timely served and must on their face contain proof that a remission is justified by exceptional circumstances and that there is no loss of rights by or prejudice to the People. An application lacking such proof will be denied, because the surety has the burden of proof with respect to both bases for a requested remission (*People v. Peerless Ins. Co.,* 21 A D 2d 609). Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.