█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY (for JOSE SANTIAGO, Principal), Respondent.— In four proceedings by the surety of a defendant in a criminal case to vacate respective forfeitures of the defendant's four bail bonds, which applications were denied by an order of the Supreme Court, Queens County, dated February 15, 1973, the People appeal from two further orders of the same court, (1) one dated April 11, 1973, which granted the surety's motion to renew the application and thereupon granted the application, upon condition that $10 costs be paid, and (2) the other, dated April 13, 1973, which amended the order of April 11, 1973. Two orders dated April 11, 1973 and April 13, 1973, respectively, reversed, on the law and the facts, with $20 costs and disbursements, and the surety's renewed application denied. Although the surety made its original applications two days before the expiration of the one-year limitation therefor (CPL 540.30, subd. 2), the affirmations it submitted in support thereof failed to provide any basis for the granting of the applications. The applications, therefore, did not meet the requirements of the statute and were nullities. The right to remission of forfeited bail is not a vested right but an act of grace which the Legislature may take away if it so declares its purpose (*People* v. *Cohen*, 245 N. Y. 419). It is purely statutory and the provisions thereof must be strictly construed (*People* v. *Grundy*, 218 App. Div. 541, 543). The requirements of the statute that an application for remission must be made within one year after the date of the forfeiture and must be supported by affidavit and papers must be complied with. They are not satisfied by the submission of an application which fails to provide any reason for remission. Rather, the supporting affidavit and papers must be timely served and must on their face contain proof that a remission is justified by exceptional circumstances and that there is no loss of rights or prejudice to the People. Lacking such proof, the application will be denied, since the surety has the burden of proof with respect to both bases for a requested remission (*People* v. *Peerless Ins. Co.*, 21 A D 2d 609). Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.