THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN J. PHELAN, Defendant.*

NEW AMSTERDAM CASUALTY COMPANY, Appellant.

Second Department, December 23, 1926.

**Bail — remission of forfeiture of bail — bond was forfeited and bail paid in 1925 — defendant was recaptured without cost to county in February, 1926, convicted on superseding indictment in April, 1926, and sentenced in June, 1926 — application for remission was made immediately thereafter — County Court should have, in exercise of discretion, remitted forfeiture under Code of Criminal Procedure, § 597.**

The County Court should have remitted the forfeiture of the bail bond furnished by the appellant for the appearance of the defendant for trial, since it appears that the bail bond was forfeited in October, 1925, and the bail paid in December, 1925; that thereafter, without any cost to the county, the defendant was recaptured in February, 1926, and was convicted in April, 1926, on a superseding indictment and sentenced in June of that year, and that almost immediately thereafter application for remission was made.

The remission of forfeiture lies in the discretion of the court under section 597 of the Code of Criminal Procedure, and it should have, in this case, exercised that discretion in behalf of the appellant, especially in view of the fact that the county has suffered no loss by reason of the disappearance of the defendant and his subsequent recapture.

APPEAL from an order of the County Court of the county of Nassau, entered in the office of the clerk of said county on the 28th day of September, 1926, denying a motion of the New Amsterdam Casualty Company for a remission of the forfeiture of a bail bond.

---

* See *People* v. *Grundy* (218 App. Div. 541).— [REP.

*Daniel F. Cohalan [Frederick Hulse and Albert H. Hiers* with him on the brief], for the appellant.

*Charles I. Wood, Assistant District Attorney [Elvin N. Edwards, District Attorney,* with him on the brief], for the respondent.

PER CURIAM. Two indictments were found by the grand jury of Nassau county on May 11, 1925, respectively charging the defendant Phelan with the commission of the crimes of grand larceny and receiving stolen goods. He was admitted to bail on June 8, 1925, upon a surety bond given by the appellant in the sum of $20,000. On October 19, 1925, the defendant Phelan appearing before the County Court of Nassau county with his attorney, his trial being set for that day, applied for an adjournment, which was denied and the case was marked ready for trial. It was reached for trial at about the noon hour when the attorney informed the county judge that the defendant Phelan had temporarily disappeared, whereupon the court took a recess to afford Phelan's production, until finally, at one-thirty P. M., the attorney stated that he could not produce Phelan and did not know his whereabouts. Whereupon the court directed a forfeiture of the bail bond and an entry thereof was made upon the minutes. Phelan remained a fugitive from justice until February 28, 1926, when he was found and rearrested. Entry of judgment on the forfeiture was delayed at the request of the surety appellant until October 22, 1925, the surety stating to the court that it was endeavoring to locate Phelan for purposes of rearrest and surrender, but the judgment was entered on said last-mentioned date. Collection of the judgment, however, was delayed at the request of the surety from term to term until December 14, 1925, when, for non-production of the defendant, the judgment of forfeiture was enforced and the sum of $20,000, for which the bond provided, was paid to the county treasurer of Nassau county by the surety.

Undoubtedly, great efforts were put forth by the surety to apprehend Phelan. Indeed, it is frankly conceded by the district attorney that not alone was there no collusion between the defendant on the one hand and the surety on the other, but that every possible effort was exerted by the surety to recapture the fugitive. It is shown that the surety enlisted the co-operation of various police officers throughout the State, that photographs of Phelan were circulated under what is known as a general order of the police department seeking Phelan's apprehension, that clues were followed up to and in neighboring States, that Pinkerton detectives were employed, and that the surety offered a reward of $2,500 for

Phelan's apprehension. No controversy is presented by the record but that everything was done by the surety within human possibility to recapture Phelan.

When Phelan was rearrested on February 28, 1926, and brought to Nassau county, and his trial was thereupon moved, it was found advisable by the district attorney to procure from the grand jury superseding indictments " for the purpose of supplying further proof before the grand jury of the theft of the bonds referred to in the indictments." Phelan was tried on the superseding indictments in April, 1926, and was convicted, but his sentence was deferred until June 4, 1926. Almost immediately thereafter this application was made for a remission of the forfeiture, and was denied by the learned county judge.

The question before us is whether there was given to this case and its peculiar circumstances, by the learned county judge, a due and proper consideration of the application.

Many cases have been cited by the learned district attorney in support of this order. With the exception of *People* v. *Levy* (169 App. Div. 571) they all appear to be instances where there was no subsequent apprehension and production of the fugitive, as was here the case. And in the *Levy Case* (*supra*) it was pointed out as a ground for refusing a remission that, notwithstanding the production of the defendant, " there is strong ground for the suspicion that his [Levy's] absence may have had much to do with the amelioration of the testimony of the complaining witness," and thus his acquittal could not be said not to have occasioned a loss to the People. That, too, is not the case here, for here, after apprehension, Phelan *was convicted* on the superseding indictments. As typical of the marked difference between cases of reapprehension of the accused and the contrary, *People* v. *Schwarze* (168 App. Div. 124) and *People* v. *Di Meo* (181 id. 893) may be cited, the *Schwarze* case showing that the accused had not been produced, and the *Di Meo* case showing that " the accused left this country and sailed for Liverpool." In *Matter of Sayles* (84 App. Div. 210), oft cited and relied on here, the application for the remission of a forfeiture was not made until sixteen years after the payment of the judgment entered thereon; and it was found that during the interim the money in satisfaction of the judgment had been applied to municipal purposes. In the present case we have payment of the judgment in mid-December, 1925, with rearrest in February following, with trial and conviction in April, 1926, and sentence in June, 1926, and with immediate application by the appellant for relief.

The statute (Code Crim. Proc.) provides:

" § 597. Remission of forfeiture. After the forfeiture of the undertaking or deposit, as provided in this article, the court directing the forfeiture, the County Court of the county, or in the city of New York, the Supreme Court may remit the forfeiture or any part thereof, upon such terms as are just."

We should have been disposed to award partial relief were we convinced that there was any loss to the county occasioned by Phelan's disappearance. It was frankly conceded on the argument by the learned district attorney that the county was not put to any expense of a material or substantial character because of Phelan's flight, and that no reimbursement in that behalf was sought or desired.

We are of opinion that, unless the statute (*supra*) may not longer function, this case is one in which a proper exercise of discretion requires a remission of the forfeiture of the bail bond.

We conclude that the order of the County Court of Nassau county, denying appellant's motion to remit the forfeiture, should be reversed upon the law and the facts, without costs, and that the motion should be granted, without costs. We make this determination in the exercise of discretion and not as a matter of law.

KELLY, P. J., MANNING, YOUNG, KAPPER and LAZANSKY, JJ., concur.

Order of the County Court of Nassau county denying appellant's motion to remit the forfeiture reversed upon the law and the facts, without costs, in the exercise of discretion and not as matter of law, and motion granted, without costs.