THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MANUFAC-
TURERS CASUALTY INSURANCE COMPANY, Surety, for LUCRETIA
BLYTHER, Principal.

County Court, Kings County, September 16, 1955.

*Edward S. Silver, District Attorney (David Diamond* of
counsel), for plaintiff.

*Edward H. Levine* for surety.

SOBEL, J. This is an application by the surety for remission
of a forfeiture.

Bail was posted in the sum of $1,000 on March 1, 1954, on
behalf of defendant, Lucretia Blyther, charged with the mis-
demeanor of being a pickpocket.

Defendant appeared on March 2d, March 15th and March 25,
1954. On each occasion the case was adjourned. On the last
adjourned date, April 8, 1954, the defendant failed to appear
and her bail was forfeited. Thereafter on April 14, 1954,
judgment was entered. (In the affidavit accompanying the
moving papers defendant advises that she believed her case had
been adjourned to April 18, 1954.)

When the bondsman representing the surety was advised of
the forfeiture, he communicated with the defendant through
her family. He received from the defendant a note that she was

confined in the city of Philadelphia in default of $2,500 bail. The bondsman on the 14th of April, prior to the entry of the judgment of forfeiture left for Philadelphia, personally arranged and guaranteed her bond in the sum of $2,500 and brought her back to New York surrendering her to the authorities on April 15, 1954. Convinced by the evidences of her good faith that the default was not willful, the surety furnished new bail of $1,000 set by the court. Defendant appeared on April 20, 1954, but failed to appear on the adjourned date of May 17, 1954. The second bond which is not the subject of this proceeding was thereafter forfeited and judgment entered.

Since then the bondsman has to the knowledge of the District Attorney's investigation force, spent considerable money and effort to apprehend defendant including a personal trip to Cleveland by the bondsman.

The statute, section 597 of the Code of Criminal Procedure, authorized this court to remit a forfeiture of bail " upon such terms as are just ". All remissions are discretionary with the court. The appellate courts have suggested standards. One set of criteria should be applied where the defendant is produced, another where he is not. (*People* v. *Fiannaca,* 306 N. Y. 513.)

Where the defendant is produced, the tests applied should be the following: (1) Have the People lost any rights? (2) Was the failure to appear deliberate and willful? (3) Did the surety expend money and effort in an effort to produce the defendant? (4) Was the defendant produced as a result of such efforts?

Where the defendant is *not* produced, the tests should be the following: (1) Was the failure to produce due to death, insanity, or imprisonment on another charge? (2) Will the personal surety or the indemnitors on the bond suffer extreme hardship such as will cause destitution to a family, deprive children of support and education or creditors of their just debts? (The courts are not concerned with hardship to the corporate surety who never suffers any loss or even to the bondsman who bears all losses resulting from forfeiture. See my opinion, *People* v. *Smith,* 196 Misc. 304.)

The criteria to be applied in this case are those where the defendant is produced. This application is limited to the first bond.

Have the People lost any rights? Prior to the repeal of sections 1482 and 1483 of the New York City Consolidation Act (L. 1882, ch. 410), a certificate of the District Attorney that the People have lost no rights was prima facie evidence of that fact.

In the absence of such a certificate, the burden was on the surety to establish that fact to the satisfaction of the court. The repeal of these provisions by chapter 929 of the Laws of 1937 (see *People* v. *Continental Cas. Co.*, 301 N. Y. 79), has not shifted the burden from the surety. And that decision, now as then still rests with the court. But the determination whether the People have lost any rights must now be made by the court without the aid of the District Attorney's certificate.

Was the failure to appear deliberate and willful? That determination should be a major inducing consideration to granting relief but not absolutely essential to the exercise of the court's discretion.

An equally important consideration is whether the surety has expended money and effort to produce defendant and whether the defendant was produced as a result of such efforts. Our experience has been that in the great majority of defaults it is the surety or bondsman whose efforts produce the defendant. Indeed in every county of this city except Kings, the District Attorney invariably consents to a remission in whole or in part where the surety is responsible for producing the defendant in court. It is right and proper that the court offer some inducement to the surety in this regard.

In this case the defendant was produced within a week after her default and only a day after the entry of the judgment. I find, after hearing the respective parties, as a matter of fact — that the People have not lost any rights; that there is considerable doubt in view of the many appearances and adjournments that the default was deliberate and willful; that the surety expended money and effort to produce the defendant, and that the defendant was produced solely as a result of the surety's efforts.

This motion is granted. Submit order directing proper authorities to remit the forfeiture.