■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STUYVESANT INSURANCE COMPANY, Appellant, et al., Defendant.— In a criminal action, the surety for bail appeals from an order of the Supreme Court, Queens County, entered January 20, 1965, which denied its motion to remit the forfeiture of the undertaking filed by it. Order reversed, without costs, and motion for remission of forfeiture of the undertaking filed by appellant granted. *People* v. *Peerless Ins. Co.* (21 A D 2d 609) has set the guidelines for disposition of applications for remission of bond forfeitures pursuant to section 597 of the Code of Criminal Procedure. Here the surety's principal was charged with forgery and petit larceny — not the type of crime usually associated with organized crime. The period of delay from the nonappearance of the principal on January 31, 1964 was five days; he appeared voluntarily on February 5. There had been a series of adjournments from the time of the original arrest

on October 29, 1963; and it is not indicated in this record at whose request the adjournments were granted. In the People's affidavit, submitted in opposition to the application for remission, an Assistant District Attorney did not claim prejudice, delay or expense to the People. That affidavit contained a hearsay assertion that some court officer had claimed difficulty in locating the principal. It is to be noted that the principal ultimately pleaded guilty to petit larceny. Since sureties provide a necessary and important social function in this area and since the indemnitor may suffer severe hardship, and for all the other reasons noted above, we are constrained to hold that remission is warranted and that it was an improvident exercise of discretion in the instant case to deny the application. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.