Owen McGivern, J.
This is a motion to vacate a judgment based on an alleged bail bond forfeiture. The surety movant contends that at the time of the alleged forfeiture on May 21, 1965, it was no longer on the bond as a matter of law, and it is not moving for remission of forfeiture pursuant to sections 597 and 598 of the Code of Criminal Procedure.
The facts are not in dispute and they are:
The defendant was indicted on January 15, 1965. He was released in bail of $10,000, furnished by the movant on January 29, 1965. He failed to appear on April 1, 1965; a bench warrant was issued and the bail declared forfeited, but the execution of the forfeiture was stayed until April 2, 1965, at 10:00 a.m. The defendant appeared that following day, April 2; the forfeiture was vacated and the defendant was remanded and taken into custody of the Correction Department. About 30 minutes later the court reconsidered its action, and on motion of defendant’s attorney and the consent of the Assistant District Attorney 11 restored” the defendant to bail. The defendant failing to appear on May 21, 1965, bail was ordered forfeited and the judgment under attack herein was entered on June 14, 1965.
The People argue that the surety was not relieved of liability when the court revoked the bail and remanded the principal, particularly since the reinstatement of bail without the consent of the surety occurred within 30 minutes.
Neither side points to a precedent in this State, but the movant cites an old California decision similar in fact to the case at bar and persuasive in reasoning — People v. McReynolds (102 Cal. 308, 311-312) wherein the court said: “In our opinion, the judgment and order must be reversed. The liability of appellants upon the undertaking ceased when the said B. Lee was *643 taken into the custody of the sheriff under said order of the court, which was an order the court had power to make. (Code Civ. Prac., sec. 1129.) Upon the release of a person on bail he is in the custody of the sureties; and the consideration of the bond, accruing to the sureties, is his freedom from any other custody. The responsibility of the sureties is based upon their custody of the person bailed, and their rights and powers under such custody. If they are at any time fearful that he may not appear, they can have him arrested and surrendered; or he may surrender himself; and, in either event, they are exonerated. (Pen. Code, sec. 1300.) When the court orders him into the custody of the sheriff, and the latter takes him, the same result follows. Vacating the order did not by operation of law restore him to appellant’s custody. The fact that in the case at bar the sheriff had the said E. Lee in his custody under the order, for only a short time, is immaterial. It makes no difference whether the time was ten minutes or ten months. * * * "When he was taken into the sheriff’s custody they were released from any further care as to his whereabouts. * * * There are, however, direct authorities to the point in sister states. (State v. Orsler, 48 Iowa 343; People v. Stager, 10 Wend. 431; Medlin v. Commonwealth, 11 Bush, 605. See, also, Reese v. United States, 9 Wall, 13.) ” In accord with that decision this court finds that when the principal avus remanded it amounted to a revocation of the bail bond, and the attempted reinstatement, Avitliout the consent of the surety, avus an act Avithout authority in Iuav (see People v. Wirtschafter, 305 N. Y. 515). The motion is granted.