Moses M. Weiesteie, J.
This is a motion by the surety to remit forfeiture and vacate judgment in the amount of $500 on a bail bond.
Defendant Thomas was admitted to bail in the amount of $500 on September 15, 1972, following her arrest on charges of burglary and criminal mischief. On September 19, 1972, she failed to appear in the 'Criminal Court and the bond was forfeited. Three days later Thomas appeared. The forfeiture was set aside and bail was reinstated. On October 5, 1972 defendant again failed to appear. Bail was again forfeited and a bench warrant was issued, but the execution of forfeiture was stayed until October 19, Í972, on which date forfeiture became final since defendant had not appeared. On March 31, 1973 Thomas was surrendered. She is currently incarcerated awaiting disposition of several cases pending against her.
The surety advances two grounds for remitting forfeiture and vacating judgment: (1) That the surety was relieved of liability on the bond as of September 22, 1972, when defendant was produced before the court; (2) That remission is warranted, in any event, because defendant’s failure to appear was neither willful nor deliberate.
In support of his first contention, the surety relies upon People v. Wirtschafter (305 N. Y. 515) and People v. Maldonado (49 Misc 2d 641). However, both cases are distinguishable from the case at bar.
In Wirtschafter (supra), the bond was void in its inception, since the court lacked the authority to order it. Here, the court was empowered to approve the bond. The question is whether the bond, once forfeited, could be reinstated without the surety’s expressed consent. The surety takes the position that such a restoration modifies its primary obligation and, in effect, relieves it of liability. The surety cites Maldonado (supra) in support of this position. In People v. Maldonado (supra) the surety’s custody over the defendant was interrupted when the defendant was remanded to the custody of the authorities. Mr. Justice Owee McGivere held that where a defendant is placed in the custody of someone other than the surety by order of the court, the surety’s obligation is terminated. Thereafter, that obligation may not be reimposed without the surety’s written consent. In the instant case defendant Thomas was never remanded. *492 When she appeared on September 22, 1972, her bond was reinstated. The surety’s custody .was never interrupted and the bond was never revoked. Following the reasoning in Maldonado (supra) since the surety’s obligation was not terminated by remand to the custody of another party by court order, the written consent of the surety was not needed to cohtinue the bond in effect. Accordingly, the court .finds that the surety was not relieved "of liability on the bail bond.
The surety argues 'that remission should be granted anyway' since the defendant is presently incarcerated and under the court’s jurisdiction and since her failure to appear was not deliberate or willful.. The surety has submitted proof that the defendant was hospitalized on October 5, 1972, the day she was supposed to appear in the Criminal Court. There is also included in the moving papers an affidavit■ of Miss Thomas’ attorney stating that his office neglected to inform Miss Thomas that she was to appear in court on October 19,1972, the date the forfeiture became final. ,
Hospitalization is certainly a valid excuse for nonappearance. However, the defendant had been discharged on October 9, 1972. Did she then assume the case had vanished into thin air? Although she was never notified to appear in court, there is an affirmative obligation upon a defendant to find out the status of a case. She should have consulted the court file, which is a public record, to ascertain when she was'due back in court. And what of the surety? What attempts did the surety make to assure the defendant’s presence before the court upon her discharge from the hospital? The surety’s uncorroborated statement that it instituted an investigation to find" the defendant when it learned of her nonappearance is barely acceptable to the' court. (See People v. Phelan, 219 App. Div. 80.)
Yet, it was through the surety’s efforts that defendant was located in the Women’s House of Detention on Bikers Island (Phelan, supra). Moreover, the court cannot disregard the fact that defendant’s illness, which required hospitalization, was of a psychiatric nature. Her failure to learn the date oí her next court appearance is' therefore understandable, though not completely excusable.
Because defendant’s failure to appear was caused, at least in part, by her emotional illness and since she is currently, subject to the court’s jurisdiction, the motion to remit for-, feiture and vacate judgment is granted upon payment of $10 costs to the District Attorney of Queen's County.