preme Court, Queens County, rendered November 6, 1975, convicting him of attempted manslaughter in the second degree, upon his guilty plea, and imposing sentence. The appeal also brings up for review defendant's apparently undisposed of motion to dismiss the indictment for failure to confer a speedy trial. Motion denied and judgment affirmed. By motion made to the Criminal Term, not disposed of prior to defendant's plea taking and not withdrawn by him at that proceeding, as well as on appeal, defendant asserts identical claims of the denial by the People of his right to a speedy trial. After assessing his arguments in accordance with the criteria set forth in *Barker v Wingo* (407 US 514) and *People v Taranovich* (37 NY2d 442), and reviewing the minutes of the court proceedings, which show that most of the adjournments were on consent of, or were requested by defendant, or were occasioned by the absence of his attorney, we are of the opinion that defendant's rights were not violated in this respect (see *People v Adams,* 38 NY2d 605). Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ZANGRILLO, Defendant, and STUYVESANT INSURANCE COMPANY, Appellant.— Appeal by the surety of a defendant in a criminal case from an order of the Supreme Court, Queens County, dated March 12, 1976, which denied the surety's motion to remit the forfeiture of defendant's bail and vacate the judgment entered thereon. Order reversed, on the law, and motion granted. The surety's motion was denied by the Criminal Term on the ground that the motion was made "after one year from the forfeiture of bail on either June 24, 1974, or October 28, 1974, the latter forfeiture date being conceded by both parties to be void." In our view, the Criminal Term erred in denying the surety's motion. In view of the fact that the order of forfeiture dated October 29, 1975, effective *nunc pro tunc* as of October 28, 1974, and the judgment entered on October 30, 1975 were void, and the People so concede, the surety's motion was "not subject to the time limitation applicable to a motion for remission of the forfeiture" (see *People v Wirtschafter [National Sur. Corp.],* 305 NY 515, 519). Nor is the time limitation contained in CPL 540.30 (subd 2) applicable to the surety's motion for remission of the order of forfeiture dated June 24, 1974. The record clearly indicates that the bail forfeiture of June 24, 1974 was vacated pursuant to defendant's *pro se* motion which was made on July 24, 1974. Accordingly, the surety's motion should have been granted *(People v Maldonado,* 49 Misc 2d 641, affd 31 AD2d 717). Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY ZARATSIAN, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 5, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Latham, Hawkins and Mollen, JJ., concur.