■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH ROMAN, JOSEPH SALABARRIA and ANTONIO FUENTES, Respondents. — Appeal by the People from an order of the Supreme Court, Queens County (Beldock, J.), dated April 15, 1980, which, after a hearing, granted so much of defendants' motions as sought to suppress certain physical evidence. Order reversed, on the law and the facts, defendants' motions insofar as they sought to suppress certain physical evidence denied, and matter remitted to Criminal Term for further proceedings consistent herewith. The suppression hearing testimony indicates that at approximately 11:00 P.M. on April 21, 1979, Port Authority Police Officer Vincent Perniola observed a vehicle parked in a well-lit, no parking zone at La Guardia Airport. The vehicle was occupied by defendants Joseph Roman, Joseph Salabarria and Antonio Fuentes. The officer witnessed the transfer by defendant Roman of a clear plastic bag containing a white powder in exchange for money from defendant Salabarria. Upon Perniola's request to the occupants that they get out of the car, defendant Roman started the vehicle and there was a lot of movement on the part of all three occupants. Perniola again ordered the occupants to vacate the vehicle, at which time, defendant Roman shut off the car's motor, and the three defendants exited the vehicle. A search of the vehicle and the persons of the defendants revealed the following: a clear plastic bag containing white powder on the floor behind the driver's seat; a clear plastic bag containing white powder in the glove compartment; a clear plastic bag containing white powder in the left front pocket of defendant Roman's jacket; two dollar bills containing a white substance and a marihuana cigarette in the wallet belonging to defendant Fuentes; and $1,048 in currency in defendant Roman's pocket. The record further revealed that in his six years on the police force, Perniola had made about 15 to 20 narcotics arrests. The hearing court concluded that the officer's observation of an exchange of a clear plastic bag with white powder for money in a vehicle "failed to provide the officer with the requisite founded suspicion or reasonable or probable cause to believe that criminal activity was afoot" due to "the officer's lack of prior narcotics arrests and experience and by the lack of any evidence that the incident occurred in a known narcotics area". The court thus granted the defendants' motions insofar as they sought to suppress all the physical evidence found in the vehicle and on the persons of defendants Roman and Fuentes, stating that the officer "lacked a valid basis for ordering the defendants out of the vehicle, detaining them, and searching the vehicle". We disagree. As noted by the Court of Appeals in *People v McRay* (51 NY2d 594, 604): "[T]he glassine envelope * * * can now be deemed the hallmark of an illicit drug exchange. It is against this background that this court should outline certain circumstances which, when combined with the exchange of a glassine envelope, may give rise to a finding of probable cause. To begin with the most obvious, *if money is passed in exchange for the envelope, probable cause almost surely would exist* (see, e.g., *United States v Davis,* 561 F2d 1014, 1017; *United States v Thomas,* 551 F2d 347, 348). Exchange of currency negates all but the most implausible explanations for the transaction, and thus conveys more than sufficient indicia of a drug sale to warrant an arrest. Similarly, additional evidence of furtive or evasive behavior on the part of the

participants suffices to establish probable cause (e.g., *People v Alexander,* 37 NY2d 202, 204, *supra; People v Butterly,* 25 NY2d 159, 162-163; see *Sibron v New York,* 392 US 40, 66-67). Such evidence, suggesting consciousness of guilt, has traditionally been considered some proof of a crime (see, e.g., *People v Yazum,* 13 NY2d 302, 304-305; *People v Leyra,* 1 NY2d 199, 208-210)" (emphasis supplied). Upon the facts presented herein, there was probable cause to arrest and search the defendants *(People v McRay, supra).* Moreover, the warrantless search of the vehicle was permissible *(People v Belton,* 55 NY2d 49, 54-55, mot for rearg or reconsideration denied 56 NY2d 646). Accordingly, defendants' motions insofar as they sought to suppress the physical evidence should have been denied. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.