■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE SCALISE, Appellant. — Appeal from an order of the County Court of Chemung County (Monserrate, J.), entered January 17, 1983, which denied defendant's application pursuant to CPL 540.30 for remission of the forfeiture of bail.

Defendant was convicted of the crimes of arson in the third degree and conspiracy in the second degree on September 15, 1980. Thereafter, he was sentenced to serve an indeterminate term of 5 to 15 years' imprisonment. Defendant appealed his conviction and secured an order setting bail in the amount of $25,000 pending the appeal. Bail was posted in the form of a bail bond secured by certain real property owned by defendant in Chemung County. Defendant's conviction was affirmed by this court and leave to appeal to the Court of Appeals was denied on November 12, 1981.

On November 13, 1981, County Court notified and directed defense counsel that defendant should surrender himself to the court on November 16, 1981 to begin serving his sentence. On that date, defense counsel appeared without defendant and advised that he had attempted to telephone defendant at his home on November 13, 1981 and again on that morning, but that his calls were received by an answering machine. County Court then issued a bench warrant to secure defendant's appearance and agreed to adjourn the case until November 20, 1981 in order to give defense counsel an opportunity to notify and surrender defendant. When defendant did not appear on November 20, 1981, County Court ordered his bail forfeited.

By notice of motion dated November 9, 1982, defendant made an application for the remission of the forfeiture of bail on the

ground that he had "sufficient excuse" for his failure to attend court on November 16 and 20, 1981, in that he had not received notice that he was required to appear on those dates. After a hearing, County Court concluded that defendant had no excuse and denied the motion for remission of bail. This appeal ensued from that determination.

At the hearing, there was evidence that defendant was last seen in Chemung County on November 15, 1981, the day before his scheduled court appearance, by defendant's wife. The wife had informed the investigating officer that defendant was at home that afternoon when she left to go shopping and that he was gone when she returned home. Defendant was arrested in Houston, Texas, on December 16, 1981. A police investigator testified at the hearing that defendant had been residing in that city under the name of "Tony Rome", which name appeared on an operator's license and a registration with an address of a local Western Union office. The registration and license were patently false as well as the name. County Court denied the motion for remission, finding as fact that defendant's failure to surrender himself to serve his sentence was knowing and willful.

An application for the remission for forfeiture of bail is addressed to the discretion of the court. It should be granted only under exceptional circumstances and to promote the ends of justice (*People v Parkin,* 263 NY 428, 431-432; *People v Cohen,* 245 NY 419, 421; *People v Manufacturers Cas. Ins. Co.,* 208 Misc 504, 505). Such remission should generally be denied regardless of the proffered excuse for nonappearance "if the defendant has contributed by careless, reckless, or willful act to the event offered as an excuse" (*People v Peerless Ins. Co.,* 21 AD2d 609, 619). Further, defendant has the burden of proving that his failure to appear was not deliberate and willful (*id.,* at pp 615-616; see *People v Fiannaca,* 306 NY 513, 516-517).

It is readily apparent that defendant left his residence in Chemung County and took up residence in Houston, Texas, under an assumed name with falsified documents and without notifying even his wife as to his intentions in order to escape from a lawful sentence of imprisonment. There was no denial of proper notification of his surrender date by County Court to defense counsel and there was no denial that defense counsel's telephone call was received by an answering machine in defendant's home three days before the directed surrender date.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.