■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SALABARRIA, Appellant. NANCY SALABARRIA, Nonparty Appellant.—In a proceeding to vacate a bail forfeiture and for remission of bail, the appeal is from an order of the Supreme Court, Queens County (Leviss, J.), dated February 7, 1985, which denied the application.

Order reversed, on the law and the facts, without costs or disbursements, motion granted and bail remitted to Nancy Salabarria.

The defendant, Joseph Salabarria, and his wife, Nancy, as the depositor of cash bail, brought an application to vacate a forfeiture of bail on the ground, inter alia, that the forfeiture was invalid as a matter of law because there was no directive requiring the defendant to appear in court on the date bail was forfeited for his nonappearance.

On April 29, 1979, the defendant was arrested and charged with criminal possession of a controlled substance in the second degree, and his wife, Nancy Salabarria, posted $5,000 cash bail on his behalf. On July 26, 1979, the defendant was indicted. Thereafter, the defendant's motion to suppress physical evidence was granted by order dated April 15, 1980 (Bel-

dock, J.), and the People filed a notice of appeal. On October 6, 1980, the defendant and his counsel were informed that his case was being placed on the Supreme Court, Queens County "Appeals" or Suspension Calendar pending the determination of the People's appeal by this court, and that they would be notified of the date of the defendant's next required court appearance. It is undisputed that the defendant's case remained on the Supreme Court's "Appeals" Calendar from October 6, 1980 until August 29, 1983, when this court reversed the suppression order (see, People v Salabarria, 96 AD2d 953). However, while the appeal was pending, the defendant's case appeared on Justice O'Dwyer's calendar, on January 13, 1982. Only the prosecutor was recorded as present. Because no decision had been rendered by this court on the People's appeal from the suppression order, Justice O'Dwyer granted an adjournment until March 31, 1982. That date was chosen as a control date. The defendant's case next appeared on former Justice Brennan's calendar on March 30, 1982. The parties concede that on that date, Justice Brennan issued a bench warrant and bail was forfeited for the defendant's failure to appear. However, there was no order issued in open court requiring the defendant's appearance on March 30. It is unrefuted that neither defense counsel nor the defendant received notice of this calendar date. Additionally, we take judicial notice of the fact the New York Law Journal of March 30, 1982, which published Justice Brennan's calendar for said date, did not record the defendant's case as appearing on said calendar. Nor was any proof proffered that the calendar clerk had given the defendant or his counsel written or oral notice of the calendar date.

Subsequently, defense counsel learned about the bench warrant and, on April 26, 1982, he requested vacatur of the warrant and reinstatement of the bail. Justice Brennan vacated the warrant and continued the same bail conditions, but did not reinstate the bail, noting that an application for remission of forfeited bail should be made in Special Term, Part 10 (cf. People v Morales, 108 AD2d 827). Although no such application was made, the defendant remained at liberty and made all required court appearances. By judgment rendered March 23, 1984, the defendant was convicted of criminal possession of a controlled substance, upon his plea of guilty and was sentenced to five years' probation. Subsequently, the defendant and his wife discovered that the bail would not be remitted because it had been forfeited on March 30, 1982. By notice of motion dated November 8, 1984, the defendant and

his wife made the instant application to vacate the forfeiture on the ground that it was illegal. The application should have been granted.

Initially, we note that the application is not barred by CPL 540.30 (2) which requires all applications for remission of forfeited bail to be made within one year of the forfeiture. This Statute of Limitations is inapplicable where bail is illegally accepted *(see, People v Wirtschafter,* 305 NY 515), or, as in this case, where the forfeiture is claimed to be void or illegal *(see, People v Zangrillo,* 56 AD2d 668; *People v Maldonado,* 49 Misc 2d 641, *affd* 31 AD2d 717; *People v Castro,* 119 Misc 2d 787).

CPL 540.10 (1) provides that "[i]f, without sufficient excuse, a principal *does not appear when required* * * * the court must enter such facts upon its minutes and the bail bond or the cash bail, as the case may be, is thereupon forfeited" (emphasis supplied). In the absences of any court directive requiring the defendant's appearance in court on March 30, 1982, the forfeiture of bail was illegal *(cf. People v Rudolph,* 16 Misc 2d 41, 46-48). Accordingly, the cash bail in the sum of $5,000 is to be returned to Nancy Salabarria, the poster of the cash bail *(see,* CPL 520.15 [3]). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.