■ In the Matter of INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al., Appellants, v PEOPLE OF THE STATE OF NEW YORK, Respondent.—In a proceeding pursuant to CPL 540.30 by the Indemnity Insurance Company of North America, an insurance company which issued a bail bond as surety for Daniel Latella, a defendant in a criminal case, and by Latella for remission of the forfeiture of bail, the surety and Latella appeal from a judgment of the Supreme Court, Westchester County (Lange, J.), entered January 30, 1986, which denied their application.

Ordered that the judgment is affirmed, without costs or disbursements.

On June 5, 1984, Daniel Latella was sentenced to a term of imprisonment upon his conviction of criminal possession of a weapon in the third degree (two counts), criminal possession of stolen property in the second degree, and driving a motor vehicle while intoxicated. The sentencing court stayed execution of Latella's sentence upon the posting of a $25,000 appellate bail bond issued and filed by the petitioner surety, pending Latella's appeal of his judgment of conviction to this court. When this court affirmed the judgment of conviction *(People v Latella,* 112 AD2d 324, *lv denied* 65 NY2d 983, 66 NY2d 616), the County Court issued an order directing that Latella surrender himself on July 24, 1985. On that date, Latella failed to appear and his attorney informed the court that he had been admitted to Our Lady of Mercy Hospital in The Bronx. The court granted a one-week adjournment and directed defense counsel to provide satisfactory medical evidence of Latella's condition. Following another such adjournment, the court, on August 5, 1985, after considering all of the evidence submitted, ruled that nothing in the medical evidence indicated that Latella's condition was so severe that he could not safely be transported to the Westchester County Correctional Facility where, upon an intake examination, he could either be placed in the prison infirmary if necessary, or in the secured ward of the adjacent Westchester County Medical Center. Latella was directed to make arrangements to surrender himself at the County Facility on August 12, 1985. On

that date, Latella did not, however, appear and his attorney and his doctors could not be reached. The prosecutor informed the court that he had spoken with Michael Phillips, Director of Our Lady of Mercy Hospital, who told him that Latella was still in the hospital and had stated that "he doesn't think he should have to leave". The court then issued an arrest warrant and forfeited bail. The warrant was executed on August 15 when the prosecutor and members of the Greenburgh Police Department picked up Latella at the hospital and transported him by ambulance to the County Correctional Facility. The defendant thereafter spent eight days in the secured ward of the Westchester County Medical Center, after which he was returned to the general jail population.

On September 23, Latella and the petitioner surety commenced the instant proceeding to remit the bail forfeiture, arguing that the defendant's hospitalization at the time of the issuance of the warrant excused his failure to surrender himself to the county jail. Letters from three doctors (dated August 13 and August 14, 1985) were submitted stating that Latella's condition on these dates required stabilization and that he should not be moved between institutions. The court, finding that these letters contained conclusory assertions without any factual basis and that nothing in fact prevented Latella's transfer to the prison hospital, denied the application for remission.

CPL 540.10 (1) provides that the court may forfeit a bail bond, "[i]f, without sufficient excuse, a principal does not appear when required or does not render himself amenable to the orders and processes of the criminal court wherein bail has been posted". The decision as to whether to grant an application for the remission of a forfeiture of bail pursuant to CPL 540.30 is within the sound discretion of the court; such an application should be granted only under exceptional circumstances and to promote the ends of justice. In making the application, a defendant or surety has the burden of proving that the defendant's failure to appear was not deliberate and willful, and that the failure did not prejudice the People or deprive them of any rights (see, e.g., People v Public Serv. Mut. Ins. Co., 37 NY2d 606; People v Fiannaca, 306 NY 513; People v Scalise, 105 AD2d 869, lv denied 64 NY2d 604, appeal dismissed 64 NY2d 884, rearg dismissed 64 NY2d 1110, rearg denied 65 NY2d 785; People v Peerless Ins. Co., 21 AD2d 609). While a defendant's hospitalization can be a sufficient excuse for his nonappearance and thus sufficient grounds for remission, a detailed and explicit affidavit by the defendant or a

medical affidavit or certificate must be submitted showing that the illness was a disabling one or that it made appearance hazardous *(see, People v Peerless Ins. Co., supra,* at 617; *see also, People v Thomas,* 75 Misc 2d 490).

After reviewing the evidence herein, we find that the trial court did not abuse its discretion in finding that the medical evidence submitted did not sufficiently establish that Latella's illness made his appearance hazardous. There was also a factual basis for the trial court's finding that Latella failed to prove that his nonappearance was not willful or deliberate. After the County Court initially determined that nothing prevented his transfer to the prison hospital and ordered Latella to make arrangements for such transfer by a certain date, neither Latella nor the petitioner surety did anything to obtain transportation or otherwise comply with this order. Moreover, when the arrest warrant was executed, Latella was found sitting in his hospital bed, talking on the telephone and smoking a cigarette. The soles of his feet were black with dirt, indicating that he had been walking around. Finally, on August 14, having learned of the arrest warrant and his imminent transfer, Latella notified hospital administrators in writing that, "[i]f you let me leave this hospital I will refuse medication, I will refuse treatment". Under the circumstances, it is clear that Latella's condition was not as serious as he maintained and that his prime concern was to avoid his incarceration rather than to cure his health. Accordingly, we conclude that the trial court did not abuse its discretion in denying the application for remission of the forfeiture of bail. Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.