■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LENNON, Appellant. AFFORDABLE BAILS NEW YORK, INC., et al., Nonparty Appellants. [1 NYS3d 855]—

In a proceeding pursuant to CPL 540.30 for the remission of a forfeiture of bail, nonparties Affordable Bails New York, Inc., and U.S. Specialty Insurance Company appeal from an order of

the Supreme Court, Nassau County (Peck, J.), entered February 8, 2013, which denied their motion to remit the forfeiture of bail and to vacate the judgment entered thereon.

Ordered that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by the nonparties Affordable Bails New York, Inc., and U.S. Specialty Insurance Company (*see* CPLR 2001; *Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]; *Baron v 305-323 E. Shore Rd. Corp.*, 121 AD3d 826 [2014]); and it is further,

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, the Supreme Court's determination to deny even partial remission of the forfeited bail was a proper exercise of its discretion (*see Matter of Nationwide Bail Bonds/Intl. Fid. Ins. Co. v People*, 244 AD2d 556 [1997]; *People v Scalise*, 105 AD2d 869 [1984]). The appellants failed to show that the criminal defendant's absence was anything but deliberate and willful (*see People v Gonzalez*, 280 AD2d 274, 274 [2001]; *Matter of Indemnity Ins. Co. of N. Am. v People*, 133 AD2d 345, 346 [1987]; *People v Peerless Ins. Co.*, 21 AD2d 609, 613 [1964]), or that the indemnitors would suffer severe hardship by virtue of the forfeiture (*People v Fiannaca*, 306 NY 513, 517 [1954]; *see People v Licenziata,* 230 App Div 358, 360 [1930], *affd* 256 NY 534 [1931]). Moreover, here, where the criminal defendant absconded for more than five months, the appellants failed to establish that the People were not thereby prejudiced (*People v Nicholas*, 97 NY2d 24, 31 [2001]; *see People v Continental Cas. Co.*, 301 NY 79, 85 [1950]).

The appellants' contention that the Supreme Court failed to give them proper notice of the adjourned date of the criminal defendant's arraignment is not properly before this Court, as they did not raise that contention before the Supreme Court (*see Levi v Levi*, 46 AD3d 520, 521 [2007]). Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.