People v Nichols (2020 NY Slip Op 02741)





People v Nichols


2020 NY Slip Op 02741


Decided on May 7, 2020


Appellate Division, First Department


Gesmer, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.
Angela M. Mazzarelli
Ellen Gesmer
Peter H. Moulton, JJ.


260263/18 1049/17 11459 

[*1]The People of the State of New York, Plaintiff-Respondent,
v
Curtis Nichols, Defendant, In re Malisha Blyden, Bailor/Depositor-Appellant.



Bailor/Depositor appeals from an order of the Supreme Court,
Bronx County (Robert E. Torres, J.), entered December 13, 2018, which denied nonparty appellant surety's application for remission of a bail forfeiture in the amount of $15,000.




Kasowitz Benson Torres LLP, New York (Megan M. Reilly and Sabrina Baig of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Clara H. Salzberg and Beth R. Kublin of, for respondent.



GESMER, J.


The court abused its discretion in denying the application by appellant surety Malisha Blyden seeking the remission of forfeited bail. Appellant supplied sufficient documentation to show that defendant had a valid medical excuse which prevented his appearance in court on the required date, that there were exceptional circumstances warranting the relief sought, and that the People were not prejudiced by the delay (see People v Peerless Ins. Co., 21 AD2d 609 [1st Dept 1964]); Matter of Nationwide Bail Bonds/Intl. Fid. Ins. Co. v People, 244 AD2d 556 [2d Dept [*2]1997]).
On May 19, 2017, defendant Curtis Nichols was indicted for second- and third-degree burglary, second-, third- and fourth-degree criminal mischief and second-degree criminal trespass. On June 2, 2017, he was arraigned in Bronx Supreme Court and bail was set in the amount of $30,000 bond over $15,000 cash. On September 12, 2017, appellant posted cash bail in the amount of $15,000, and defendant was released. On November 29, 2017, when defendant failed to appear for his scheduled court appearance, the court issued a bench warrant and ordered the bail forfeited.
On April 6, 2018, defendant returned to court involuntarily, after having been arrested for a new offense. On August 27, 2018, he pled guilty to one count of fourth-degree criminal mischief, a class A misdemeanor, and was sentenced to a prison term of one year.
On October 19, 2018, appellant moved pro se for remission of the forfeited bail. In support of her motion, appellant submitted an affidavit, using a form supplied to her by the court. The form included one space for appellant to state the reasons that the court should grant her motion, preceded by five lines of small type, written in complex language, suggesting some facts that she might list. The form did not include a space or a prompt for her to describe her relationship to defendant, the circumstances leading to her deposit of the bail, or the hardship, if any, that she would suffer if her motion were not granted.
In the affidavit, appellant stated that she appeared in court on November 29, 2017 and advised the court that defendant had suffered the loss of his younger brother, which caused him to suffer from a "deep depression." She further advised that court that, as a result of his depression, defendant failed to take his mental health medication and missed his court date.
In further support of her motion, appellant also submitted an affidavit from defendant to explain why he missed his court date. He explained that the death of his younger brother caused him to go into a deep depression. That, in turn, caused him to start abusing drugs and alcohol and to stop taking his mental health medications. As a result of these events, he lost his memory and his appetite, became paranoid, and ran away from home. Lacking the support of his family, he then missed his court date. He described this confluence of events as a "mental breakdown." He further advised the court that he had begun to turn his life around by ceasing to use drugs, resuming his mental health medication, and participating in mental health therapy.
Finally, appellant asked the court to consider an "After Care Letter," dated October 3, 2018 and signed by Dr. Arkadiy Chemyak, a senior psychiatrist at Manhattan Detention Complex. Dr. Chemyak stated that defendant "has been under our care for the following conditions . . . post-traumatic stress disorder, alcohol use disorder, severe cocaine use disorder, moderate cannabis use disorder [and] severe intermittent explosive disorder." Dr. Chemyak specified that defendant should be treated with two forms of mental health medication and supportive psychotherapy and strongly recommended that he be enrolled in the Mentally Ill Chemical Abuse Treatment Program (MICA), either as an inpatient or outpatient.
In opposition, the People submitted a brief affirmation by an Assistant District Attorney who did not claim to have personal knowledge of any of the facts alleged in her affirmation. In addition, the affirmation did not state that the People had been prejudiced in any way by defendant's failure to appear.
In an order dated December 13, 2018, the court denied appellant's application for remission of the forfeited bail. The court refused to give any weight to appellant's affidavit, stating that it was "hearsay," and that she had failed to state the basis for her familiarity with defendant's mental health condition. The court also declined to rely on both defendant's affidavit and the medical letter because they "fail[ed] to specify dates of treatment, initial diagnosis, severity of condition, treating medical professionals, medication and treatment, mental [*3]health care givers and/or prior hospitalizations." The court concluded that, since the right to remission of forfeited bail is "purely statutory," it must strictly construe the statutory requirements. Finding that the application did not satisfy the statutory requirements, the court denied the application.
A court may forfeit a bail bond "[i]f, without sufficient excuse, a principal does not appear when required or does not render himself amenable to the orders and processes of the criminal court wherein bail has been posted" (CPL 540.10[1]). When this occurs, the surety may make an application for remission of the forfeited bail, which the court may grant "upon such terms as are just" (CPL 540.30[2]). "[S]uch an application should be granted only under exceptional circumstances and to promote the ends of justice. In making the application, a defendant or surety has the burden of proving that the defendant's failure to appear was not deliberate and willful, and that the failure did not prejudice the People or deprive them of any rights" (Matter of Indemnity Ins. Co. of N. Am. v People, 133 AD2d 345, 346 [2d Dept 1987], lv denied 70 NY2d 613 [1987]; see also People v Gonzalez, 280 AD2d 274, 274 [1st Dept 2001]). We find that appellant met all of these requirements.
Initially, we note that, since appellant was representing herself, we must treat her with leniency, and read her papers with a broad and liberal interpretation (Matter of Zelodius C. v Danny L., 39 AD3d 320 [1st Dept 2007]; Pezhman v City of New York, 29 AD3d 164, 168 [1st Dept 2006]; Du-Art Film Labs. v Wharton Intl. Films, 91 AD2d 572, 573 [1st Dept 1982].
Turning to the substantive factors, we find that the surety met her burden to show that defendant's failure to appear was not willful by proving that his absence was caused by a disabling illness. To satisfy this burden,
"the defendant's affidavit must be detailed and explicit, showing that the illness was a disabling one or made appearance hazardous. A medical certificate for a serious disabling illness may suffice, but for anything less a detailed explanatory medical affidavit should be required. And then, the failure at the appointed time or immediately thereafter to advise the court by attorney or other person of the nonappearance should be explained by plausible and sufficient affidavit of one with knowledge of the facts"
(People v Peerless Ins. Co., 21 AD2d at 617).
Here, appellant submitted defendant's detailed affidavit in which he specifically stated that he missed his court date due to the onset of his depression, paranoia, memory loss, and drug use which were triggered and/or exacerbated by the death of his brother. Moreover, his statements were corroborated by appellant's statements in her own affidavit. However, as discussed above, the court also refused to rely on appellant's affidavit, holding that it was "hearsay" and because she did not state the source of her knowledge of defendant's mental health. In so doing, the court overlooks that this is the unusual case where the bond was posted not by a bonding company but by an individual. We can infer that appellant would not have posted such a substantial amount of cash bail unless she had a significant relationship of some kind with defendant, which would have given her an opportunity to observe his mental state. Accordingly, the statements made by the surety in her pro se affidavit appear to be based on her personal observations and thus are not hearsay, and were improperly disregarded by the motion court.
The motion court also refused to rely on the letter from defendant's psychiatrist, submitted with the motion. The motion court found that the letter was not adequately specific and did not address the time period of defendant's nonappearance. We disagree. In the statement submitted by appellant, defendant's treating psychiatrist wrote that defendant was diagnosed with post-traumatic stress disorder, severe cocaine use disorder, and severe intermittent explosive disorder. Looking at the pleadings liberally as we must, this is certainly sufficient to show that defendant suffered from a "disabling" mental illness (People v Peerless [*4]Ins. Co., 21 AD2d at 617).
We also reject, for three reasons, the People's argument that we should not consider the doctor's letter because it does not state that defendant was suffering from mental illness on the date he failed to appear. First, the doctor's statement that defendant "has been" under our care indicates that defendant was being treated for some period prior to the date of the letter. Second, the conditions with which the doctor diagnosed defendant are not conditions with a sudden onset. Third, the affidavits of defendant and appellant contain a lay description of defendant's condition at the time he failed to appear that closely mirrors the doctor's description of him a year later. That supports a finding that he had been suffering from those conditions at the time he failed to appear. For all of these reasons, we find that defendant did not miss his court date willfully or deliberately but because of his disabling mental illness.
As stated above, where remission is sought based on the defendant's illness at the time of the missed court date, the applicant must also explain "the failure at the appointed time or immediately thereafter to advise the court by attorney or other person of the nonappearance should be explained by plausible and sufficient affidavit of one with knowledge of the facts" (People v Peerless Ins. Co., 21 AD2d at 617). Here, there was no such failure. Rather, as appellant stated in her affidavit, she went to court on November 29, 2017, and told the judge that the reason defendant did not appear that day was because of his deep depression resulting from his brother's death. The People did not dispute that appellant so advised the court on that date.
We also find that appellant met her relatively light burden of showing that defendant's non-appearance did not prejudice the People (People v Peerless Ins. Co., 21 AD2d at 615-616). In their opposition papers to the motion, the People made no showing that they had suffered any prejudice, and they concede in their brief to this Court that this factor is not at issue.
Finally, we find that appellant met her burden of showing exceptional circumstances. First, defendant's bail was posted not by a bonding company but by an individual. In the usual case, the surety "insured for profit against a calculated peril and suffered a loss" and therefore is required to "pa[y] according to its recognizance" (People v Continental Cas. Co., 301 NY 79, 86 [1950]). Here, however, the bail was posted not by a company doing business for profit, but by an individual.
Second, the fact that appellant brought this motion pro se strongly suggests, as discussed further below, that she could not afford a lawyer and that the denial of remission of the $15,000 at issue will cause her hardship, a further reason for the granting of her motion (see People v Stuyvesant Ins. Co., 24 AD2d 990, 991 [2d Dept 1965][bail remission granted in part because the "indemnitor may suffer severe hardship"]). Indeed, she has a stronger reason for remission than that recognized by this Court in Peerless, where we stated that, where the amount of bail is significant, "forfeiture might work too severe a penalty on the defendant, assuming that he, his family, or his friends are responsible to the surety" (People v Peerless Ins. Co., 21 AD2d at 620—621). In this case, we know that the penalty will fall on appellant, which is too severe a penalty, especially in light of defendant's ultimate disposition of a misdemeanor conviction in his criminal proceeding.
Third, although appellant represented herself on the motion, she has pro bono counsel on this appeal who represented in the brief to this Court that appellant is a single woman who posted bail for defendant because of the coercive and abusive relationship that she endured with defendant. These factual circumstances, taken together, constitute exceptional circumstances.
Therefore, appellant's pro se application, which was supported by her affidavit, defendant's affidavit, and a medical letter from a psychiatrist who had treated defendant, sufficiently demonstrated that defendant's failure to appear at his scheduled court appearance was nonwillful and that there were exceptional circumstances warranting the granting of her application for remission of the bail forfeiture. We thus reverse the judgment and grant her [*5]motion to accomplish a just result, as the statute requires.
Accordingly, the order of the Supreme Court, Bronx County (Robert E. Torres, J.), entered December 13, 2018, which denied nonparty appellant surety's application for remission of a bail forfeiture in the amount of $15,000, should be reversed, without
costs, and the motion for remission of the bail forfeiture on the law, granted in full.
All concur.
Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered December 13, 2018, reversed, without costs, and the motion for remission of the bail forfeiture on the law, granted in full.
Opinion by Gesmer, J. All concur.
Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK